UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11705-NG

JONATHAN GREEN

v.

CITY OF BOSTON; EDWARD DAVIS,
in his capacity as Chief of
the Boston Police Dept.;
TIMOTHY MCCARTHY, individually
and in his official capacity
as an Employee, Agent, and/or
Officer of the Boston Police
Department

## CITY OF BOSTON'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, the City of Boston (the "City"), and answers the Plaintiff's Complaint ("Complaint") as follows:

### I.   INTRODUCTION

1.
    a.   Paragraph 1(a) of the Introduction to the Complaint consists of a statement of law to which no response is required. To the extent that Paragraph 1(a) purports to allege facts, the City denies the allegations.

    b.   Paragraph 1(b) of the Introduction to the Complaint consists of a statement of law to which no response is required. To the extent that Paragraph 1(b) purports to allege facts, the City denies the allegations.

    c.   Paragraph 1(c) of the Introduction to the Complaint consists of a statement of law to which no response is required. To the extent that Paragraph 1(c) purports to allege facts, the City denies the allegations.

### II.   PARTIES

1.   The City is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1, and calls upon the Plaintiff to prove the same.

2.   The City admits only the first sentence of Paragraph 2.  As to the second sentence of Paragraph 2, the City states that it is a legal conclusion to which no response is required.  In the event a response is required as to the second sentence, the City admits only that the Boston Police Department is a department within the City.

3.   The City admits only that at the time of the alleged incident Davis was the Police Commissioner of the Boston Police Department.  As to the remainder of the allegations contained in Paragraph 3, they are legal statements and conclusions to which no response is required.  To the extent that any factual allegations are made with regard to the actions of the City relative to the alleged incident, the allegations are denied.

4.   Admitted with the exception of the allegations that Timothy McCarthy ("McCarthy") was acting "under color of . . . customs . . . and practices [ ]."

### III. JURISDICTION AND VENUE

5.   Paragraph 5 consists of legal conclusions to which no response is required.

6.   Paragraph 6 consists of legal conclusions to which no response is required.

7.   Admitted only as to McCarthy, the City and Davis.  As to the Plaintiff, the City states it is without sufficient information or knowledge to admit or deny the allegation, and calls upon the Plaintiff to prove the same.

### FACTUAL ALLEGATIONS

8.   Paragraph 8 consists of a legal conclusion and/or determination to which no response is required.  To the extent a response is required, the City states that on November 4, 2008, it received a letter purporting to be a notice pursuant to G. L. c. 258.  The City denies that such correspondence fully complies with the presentment requirements of the statute.

9.   Admitted.

10.  Admitted.

11.  To the extent that this Paragraph is referring to the actions of Defendant McCarthy, the allegations are denied.

12.   Paragraph 12 consists of legal arguments and conclusions to
which no response is required.  To the extent that Paragraph 12
purports to allege facts, the allegations are denied.

## V.    CAUSES OF ACTIONS

### COUNT I: EXCESSIVE FORCE DURING ARREST
### (Against Timothy McCarthy)

13.   The City restates and thereby incorporates by reference his
answers to the allegations contained in the foregoing
Paragraphs.

14-20.    The allegations contained in Paragraphs 14 through 20
of the Complaint are directed towards a Defendant other than the
City, and therefore, no response from the City is required.
Moreover, these Paragraphs consist of legal arguments and
conclusions to which no response is required.  To the extent
these Paragraphs purport to allege facts as to the actions of
Defendant McCarthy which the Plaintiff seeks to impute onto the
City, and to the extent a response is required from the City,
the allegations are denied.  As to any factual allegations
regarding the Plaintiff's actions and/or injuries, the City
states it is without sufficient information to admit or deny
them, and calls upon the Plaintiff to prove the same.

### COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Timothy McCarthy)

21.   The City restates and thereby incorporates by reference his
answers to the allegations contained in the foregoing
Paragraphs.

22-25.    The allegations contained in Paragraphs 22 through 25
of the Complaint are directed towards a Defendant other than the
City, and therefore, no response from the City is required.
Moreover, these Paragraphs consist of legal arguments and
conclusions to which no response is required.  To the extent
these Paragraphs purport to allege facts as to the actions of
Defendant McCarthy which the Plaintiff seeks to impute onto the
City, and to the extent a response is required from the City,
the allegations are denied.  As to any factual allegations
regarding the Plaintiff's actions and/or injuries, the City
states it is without sufficient information to admit or deny
them, and calls upon the Plaintiff to prove the same.

## COUNT III: ASSAULT AND BATTERY
### (Against Timothy McCarthy)

26.  The City restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

27-28.    The allegations contained in Paragraphs 27 through 28 of the Complaint are directed towards a Defendant other than the City, and therefore, no response from the City is required. Moreover, these Paragraphs consist of legal arguments and conclusions to which no response is required.  To the extent these Paragraphs purport to allege facts as to the actions of Defendant McCarthy which the Plaintiff seeks to impute onto the City, and to the extent a response is required from the City, the allegations are denied.  As to any factual allegations regarding the Plaintiff's actions and/or injuries, the City states it is without sufficient information to admit or deny them, and calls upon the Plaintiff to prove the same.

## COUNT IV: VIOLATIONS OF M.G.L. c. 12, § 11I
### (Against Timothy McCarthy)

29.  The City restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

30-33.    The allegations contained in Paragraphs 30 through 33 of the Complaint are directed towards a Defendant other than the City, and therefore, no response from the City is required. Moreover, these Paragraphs consist of legal arguments and conclusions to which no response is required.  To the extent these Paragraphs purport to allege facts as to the actions of Defendant McCarthy which the Plaintiff seeks to impute onto the City, and to the extent a response is required from the City, the allegations are denied.  As to any factual allegations regarding the Plaintiff's actions and/or injuries, the City states it is without sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

## COUNT V: VIOLATIONS OF 42 U.S.C. § 1983
### (Against the City of Boston, Chief Edward Davis)

34.  The City restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

35.   Paragraph 35 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 35 purports to allege facts, the allegations are denied.

36.   Denied.

37.   Denied.

38.   Denied.

39.   Paragraph 39 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 39 purports to allege facts, the allegations are denied.

40.   Paragraph 40 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 40 purports to allege facts, the allegations are denied.

41.   Denied.

### COUNT VI: MASSACHUSETTS TORT CLAIMS ACT M.G.L. c. 258, § 4
### (Against the City of Boston)

42.   The City restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

43.   The allegations contained in Paragraphs 43 are directed towards a Defendant other than The City, and therefore, no response from The City is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.

44.   Paragraph 44 consists of legal arguments and conclusions to which no response is required.  To the extent it purports to allege facts, and to the extent a response is required, the City admits only it through the Boston Police Department hired and trained McCarthy.  As to the remainder of the allegations, they are denied.

45.   Paragraph 45 consists of legal arguments and conclusions to which no response is required.  To the extent it purports to allege facts, and to the extent a response is required, the City admits only that on November 4, 2008, it received a letter purporting to be a notice pursuant to G. L. c. 258, and that it made no offer in response to it.  The City denies the remainder of the allegations.

## COUNT VII: NEGLIGENT SUPERVISION
## (Against Chief Edward Davis)

46.   The City restates and thereby incorporates by reference his
answers to the allegations contained in the foregoing
Paragraphs.

47-50.   The allegations contained in Paragraphs 47 through 50
of the Complaint are directed towards a Defendant other than the
City, and therefore, no response from the City is required.
Moreover, these Paragraphs consist of legal arguments and
conclusions to which no response is required.  To the extent
these Paragraphs purport to allege facts as to the actions of
Defendant Davis which the Plaintiff seeks to impute onto the
City, and to the extent a response is required from the City,
the allegations are denied.  As to any factual allegations
regarding the Plaintiff's actions and/or injuries, the City
states it is without sufficient information to admit or deny and
calls upon the Plaintiff to prove the same.

### DAMAGES

1-5. These Paragraphs consists of prayers for relief to which no
response is required.  To the extent any of these Paragraphs
purport to allege facts, the allegations are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can
be granted.

### SECOND AFFIRMATIVE DEFENSE

The City states that Plaintiff's injuries or damages, if
any, were proximately caused by Plaintiff's own intentional
conduct, and not the conduct of the City and/or its employees.
The City further affirmatively states that no act or omission by
it and/or its employees was the proximate cause of damages, if
any, allegedly sustained by the Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The City states the Plaintiff's claims are barred because
of estoppel, unclean hands and/or laches.

FOURTH AFFIRMATIVE DEFENSE

The City states its acts and conduct, and those of its employees, were performed according to, and protected by, law and/or legal processes, and therefore, the Plaintiff cannot recover.

FIFTH AFFIRMATIVE DEFENSE

The City states that, at all times material and relevant hereto, it and its employees acted reasonably, within the scope of their official discretion, and with an objectively reasonable belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in which bear on a question of state or federal law.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff was not deprived of any rights secured by either the constitution or laws of the Commonwealth of Massachusetts and the United States of America.

SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the incident alleged by the Plaintiff, the City and its employees acted in accordance with all relevant laws of the Commonwealth of Massachusetts and the United States of America.

EIGHTH AFFIRMATIVE DEFENSE

The City and its employees were justified in their acts and/or conduct, and therefore, the Plaintiff cannot recover.

NINTH AFFIRMATIVE DEFENSE

The City states that any injury and/or damage suffered by the Plaintiff, if any, were caused by others for whose conduct it is not responsible.

TENTH AFFIRMATIVE DEFENSE

The City states its employees are entitled to and protected by qualified immunity.

ELEVENTH AFFIRMATIVE DEFENSE

The City states its employees are entitled to and protected by absolute immunity.

TWELFTH AFFIRMATIVE DEFENSE

The City states punitive damages are not recoverable against it.  Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

THIRTEENTH AFFIRMATIVE DEFENSE

The City is immune from liability for the intentional torts of its employees pursuant to G. L. c. 258, § 10(c).

FOURTEENTH AFFIRMATIVE DEFENSE

At all relevant times, McCarthy was properly trained and supervised.

FIFTEENTH AFFIRMATIVE DEFENSE

The City is immune from liability for engaging or failing to engage in discretionary functions.  G. L. c. 258, § 10(b).

SIXTEENTH AFFIRMATIVE DEFENSE

The City states that if the Plaintiff was injured it was as a result of the Plaintiff's breach of his duty to exercise a degree of care to protect and ensure his own safety.

SEVENTEENTH AFFIRMATIVE DEFENSE

The City states the alleged injuries and/or damages were caused in whole, or in part, by Plaintiff's own negligence.

EIGHTEENTH AFFIRMATIVE DEFENSE

The City cannot be held liable under a theory of *respondeat superior*.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-695 (1978).

NINETEENTH AFFIRMATIVE DEFENSE

At all relevant times, the City acted in good faith upon reasonable belief and that its actions were required and in compliance with all relevant laws and circumstances.

TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant hereto, the City and its employees acted reasonably and in accordance with the law.

TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to fully comply with the presentment requirements of G. L. c. 258, and therefore, his c. 258 claim must be dismissed.

TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983, because it fails to show any factual connection between any alleged unconstitutional customs, policy or practice of the City and the alleged violation of the Plaintiff's rights.  Moreover, it fails because the Plaintiff has failed to show that there was deliberate indifference.

TWENTY-THIRD AFFIRMATIVE DEFENSE

The City is not liable because the Plaintiff cannot show it had an unconstitutional policy and/or custom.  Moreover, the Plaintiff cannot show that the alleged unconstitutional policy and/or custom caused the Plaintiff's injury and that the City had the requisite level of fault.  County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997).

TWENTY-FOURTH AFFIRMATIVE DEFENSE

The City cannot be held liable under the theory of supervisory liability because McCarthy did not commit any constitutional harm.

**JURY DEMAND**

The City demands a trial by jury on all counts.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON

William F. Sinnott,
Corporation Counsel

By its attorney:

/s/ Nicole Murati Ferrer

Nicole Murati Ferrer
Assistant Corporation Counsel
The City of Boston Law
Department
1 The City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474

**CERTIFICATE OF SERVICE**

I hereby certify that on this day
a true copy of the foregoing
document was served upon the
attorney of record via CM/ECF
filing.

2/22/10   /s/ Nicole Murati Ferrer
Date      Nicole Murati Ferrer