### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 09-11705-NG**

---

**JONATHAN GREEN**

**v.**

**CITY OF BOSTON; EDWARD DAVIS, in his capacity as Chief of the Boston Police Dept.; TIMOTHY MCCARTHY, individually and in his official capacity as an Employee, Agent, and/or Officer of the Boston Police Department**

---

### EDWARD DAVIS'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, Edward Davis ("Davis"), in his capacity as Police Commissioner of the Boston Police Department, and answers the Plaintiff's Complaint ("Complaint") as follows:

### I.   INTRODUCTION

1.
    a.   Paragraph 1(a) of the Introduction to the Complaint consists of a statement of law to which no response is required. To the extent that Paragraph 1(a) purports to allege facts, Davis denies the allegations.

    b.   Paragraph 1(b) of the Introduction to the Complaint consists of a statement of law to which no response is required. To the extent that Paragraph 1(b) purports to allege facts, Davis denies the allegations.

    c.   Paragraph 1(c) of the Introduction to the Complaint consists of a statement of law to which no response is required. To the extent that Paragraph 1(c) purports to allege facts, Davis denies the allegations.

### II.   PARTIES

1.   Davis is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1, and calls upon the Plaintiff to prove the same.

2.    Davis admits only the first sentence of Paragraph 2.  As to
the second sentence of Paragraph 2, Davis states that it is a
legal conclusion to which no response is required.  In the event
a response is required as to the second sentence, Davis admits
only that the Boston Police Department is a department within
the City of Boston.

3.    Davis admits only that at the time of the alleged incident
he was the Police Commissioner of the Boston Police Department.
As to the remainder of the allegations contained in Paragraph 3,
they are legal statements and conclusions to which no response
is required.  To the extent that any factual allegations are
made with regard to the actions of Davis relative to the alleged
incident, the allegations are denied.

4.    Admitted with the exception of the allegations that Timothy
McCarthy ("McCarthy") was acting "under color of . . . customs .
. . and practices [ ]."

### III. JURISDICTION AND VENUE

5.    Paragraph 5 consists of legal conclusions to which no
response is required.

6.    Paragraph 6 consists of legal conclusions to which no
response is required.

7.    Admitted only as to McCarthy, the City of Boston and Davis.
As to the Plaintiff, Davis states he is without sufficient
information or knowledge to admit or deny the allegation, and
calls upon the Plaintiff to prove the same.

### FACTUAL ALLEGATIONS

8.    Paragraph 8 consists of a legal conclusion and/or
determination to which no response is required.  To the extent a
response is required, Davis states he is without sufficient
information or knowledge to admit or deny the allegations
contained therein, and calls upon the Plaintiff to prove the
same.

9.    Admitted.

10.   Admitted.

11.   To the extent that this Paragraph is referring to the
actions of Defendant McCarthy, the allegations are denied.

12.  Paragraph 12 consists of legal arguments and conclusions to
which no response is required.  To the extent that Paragraph 12
purports to allege facts, the allegations are denied.

## V.   CAUSES OF ACTIONS

### COUNT I: EXCESSIVE FORCE DURING ARREST
### (Against Timothy McCarthy)

13.  Davis restates and thereby incorporates by reference his
answers to the allegations contained in the foregoing
Paragraphs.

14-20.    The allegations contained in Paragraphs 14 through 20
of the Complaint are directed towards a Defendant other than
Davis, and therefore, no response from Davis is required.
Moreover, these Paragraphs consist of legal arguments and
conclusions to which no response is required.  To the extent
these Paragraphs purport to allege facts as to the actions of
Defendant McCarthy which the Plaintiff seeks to impute onto
Davis, and to the extent a response is required from Davis, the
allegations are denied.  As to any factual allegations regarding
the Plaintiff's actions and/or injuries, Davis states he is
without sufficient information to admit or deny them, and calls
upon the Plaintiff to prove the same.

### COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Timothy McCarthy)

21.  Davis restates and thereby incorporates by reference his
answers to the allegations contained in the foregoing
Paragraphs.

22-25.    The allegations contained in Paragraphs 22 through 25
of the Complaint are directed towards a Defendant other than
Davis, and therefore, no response from Davis is required.
Moreover, these Paragraphs consist of legal arguments and
conclusions to which no response is required.  To the extent
these Paragraphs purport to allege facts as to the actions of
Defendant McCarthy which the Plaintiff seeks to impute onto
Davis, and to the extent a response is required from Davis, the
allegations are denied.  As to any factual allegations regarding
the Plaintiff's actions and/or injuries, Davis states he is
without sufficient information to admit or deny them, and calls
upon the Plaintiff to prove the same.

## COUNT III: ASSAULT AND BATTERY
### (Against Timothy McCarthy)

26.  Davis restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

27-28.   The allegations contained in Paragraphs 27 through 28 of the Complaint are directed towards a Defendant other than Davis, and therefore, no response from Davis is required. Moreover, these Paragraphs consist of legal arguments and conclusions to which no response is required.  To the extent these Paragraphs purport to allege facts as to the actions of Defendant McCarthy which the Plaintiff seeks to impute onto Davis, and to the extent a response is required from Davis, the allegations are denied.  As to any factual allegations regarding the Plaintiff's actions and/or injuries, Davis states he is without sufficient information to admit or deny them, and calls upon the Plaintiff to prove the same.

## COUNT IV: VIOLATIONS OF M.G.L. c. 12, § 11I
### (Against Timothy McCarthy)

29.  Davis restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

30-33.   The allegations contained in Paragraphs 30 through 33 of the Complaint are directed towards a Defendant other than Davis, and therefore, no response from Davis is required. Moreover, these Paragraphs consist of legal arguments and conclusions to which no response is required.  To the extent these Paragraphs purport to allege facts as to the actions of Defendant McCarthy which the Plaintiff seeks to impute onto Davis, and to the extent a response is required from Davis, the allegations are denied.  As to any factual allegations regarding the Plaintiff's actions and/or injuries, Davis states he is without sufficient information to admit or deny them, and calls upon the Plaintiff to prove the same.

## COUNT V: VIOLATIONS OF 42 U.S.C. § 1983
## (Against City of Boston, Chief Edward Davis)

34.  Davis restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

35.  Paragraph 35 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 35 purports to allege facts, the allegations are denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Paragraph 39 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 39 purports to allege facts, the allegations are denied.

40.  Paragraph 40 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 40 purports to allege facts, the allegations are denied.

41.  Denied.

## COUNT VI: MASSACHUSETTS TORT CLAIMS ACT M.G.L. c. 258, § 4
## (Against City of Boston)

42.  Davis restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

43.  The allegations contained in Paragraphs 43 are directed towards a Defendant other than Davis, and therefore, no response from Davis is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.

44.  The allegations contained in Paragraphs 44 are directed towards a Defendant other than Davis, and therefore, no response from Davis is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.  To the extent it purports to allege facts, and to the extent a response is required from Davis, Davis admits only that the City of Boston, Boston Police Department hired and trained

McCarthy.  As to the remainder of the allegations, they are denied.

45.  The allegations contained in Paragraphs 45 are directed towards a Defendant other than Davis, and therefore, no response from Davis is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.  To the extent it purports to allege facts, and to the extent a response is required from Davis, Davis is without sufficient information or knowledge to admit or deny the allegations contained therein, and calls upon the Plaintiff to prove the same.

**COUNT VII: NEGLIGENT SUPERVISION**
**(Against Chief Edward Davis)**

46.  Davis restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

47.  Paragraph 47 consists of legal arguments and conclusions to which no response is required.

48.  Paragraph 48 consists of legal arguments and conclusions to which no response is required.  To the extent the Paragraph purports to allege facts, the allegations are denied.

49.  Paragraph 49 consists of legal arguments and conclusions to which no response is required.  To the extent the Paragraph purports to allege facts, the allegations with regard to the Defendants' actions are denied, with regard to the Plaintiff's alleged injuries and damages, Davis is without sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

50.  Paragraph 47 consists of legal arguments and conclusions to which no response is required.  To the extent the Paragraph purports to allege facts, the allegations with regard to the Defendants' actions are denied, with regard to the Plaintiff's alleged injuries and damages, Davis is without sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

**DAMAGES**

1-5. These Paragraphs consists of prayers for relief to which no response is required.  To the extent any of these Paragraphs purport to allege facts, the allegations are denied.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Davis states that Plaintiff's injuries or damages, if any, were proximately caused by Plaintiff's own intentional conduct, and not Davis's conduct.  Davis further affirmatively states that no act or omission by him, McCarthy and/or the City of Boston was the proximate cause of damages, if any, allegedly sustained by the Plaintiff.

THIRD AFFIRMATIVE DEFENSE

Davis states the Plaintiff's claims are barred because of estoppel, unclean hands and/or laches.

FOURTH AFFIRMATIVE DEFENSE

Davis states his acts and conduct, and those of the City and McCarthy, were performed according to, and protected by, law and/or legal processes, and therefore, the Plaintiff cannot recover.

FIFTH AFFIRMATIVE DEFENSE

Davis states that, at all times material and relevant hereto, he acted reasonably, within the scope of his official discretion, and with an objectively reasonable belief that his actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in which bear on a question of state or federal law.

SIXTH AFFIRMATIVE DEFENSE

The Plaintiff was not deprived of any rights secured by either the constitution or laws of the Commonwealth of Massachusetts and the United States of America.

SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the incident alleged by the Plaintiff, Davis acted in accordance with all relevant laws of the Commonwealth of Massachusetts and the United States of America.

EIGHTH AFFIRMATIVE DEFENSE

Davis was justified in his acts and/or conduct, and therefore, the Plaintiff cannot recover.

NINTH AFFIRMATIVE DEFENSE

Davis states that any injury and/or damage suffered by the Plaintiff, if any, were caused by others for whose conduct he is not responsible.

TENTH AFFIRMATIVE DEFENSE

Davis states his actions are entitled to and protected by qualified immunity.

ELEVENTH AFFIRMATIVE DEFENSE

Davis states his actions are entitled to and protected by absolute immunity.

TWELFTH AFFIRMATIVE DEFENSE

Davis states punitive damages are not recoverable against him in his official capacity or against a municipality. Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

THIRTEENTH AFFIRMATIVE DEFENSE

Davis cannot be held liable for the intentional torts of his subordinates.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all relevant times, McCarthy was properly trained and supervised.

## FIFTEENTH AFFIRMATIVE DEFENSE

Davis states he was privileged in his conduct and acts, and therefore, the Plaintiff cannot recover.

## SIXTEENTH AFFIRMATIVE DEFENSE

Davis states that if the Plaintiff was injured it was as a result of the Plaintiff's breach of his duty to exercise a degree of care to protect and ensure his own safety.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Davis states the alleged injuries and damages were caused in whole, or in part, by Plaintiff's own negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Davis states his actions are immune from suit as he was engaging in discretionary functions.

## NINETEENTH AFFIRMATIVE DEFENSE

At all relevant times, Davis acted in good faith upon reasonable belief and that these actions were required and in compliance with all relevant laws and circumstances.

## TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant hereto, Davis, McCarthy, the City and its employees acted reasonably and in accordance with the law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to fully comply with the presentment requirements of G. L. c. 258, and therefore, his c. 258 claims must be dismissed.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Davis cannot be held liable merely for negligent acts, and since his alleged acts or omissions do not amount to reckless or

callous indifference to the constitutional rights of the
Plaintiff, the Complaint must be dismissed.  <u>Gutierrez-Rodriguez
v. Cartagena</u>, 882 F.2d 553, 562 (1st Cir. 1989).

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may
be granted pursuant to 42 U.S.C. § 1983, because it fails to
show any factual connection between any alleged unconstitutional
customs, policy or practice of the City and/or Davis and the
alleged violation of the Plaintiff's rights.  Moreover, it fails
because the Plaintiff has failed to show that there was
deliberate indifference.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Davis cannot be held liable under a theory of *respondeat
superior*.  <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691-695
(1978).

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Davis cannot be held liable under the theory of supervisory
liability because McCarthy did not commit any constitutional
harm.  In addition, the Plaintiff cannot show that Davis's
actions or inactions were affirmatively linked to an
unconstitutional behavior such that it can be characterized as
supervisory encouragement, condonation, or acquiescence or gross
negligence amounting to deliberate indifference.  <u>See Lipsett v.
Univ. of P.R.</u>, 864 F.2d 881, 902 (1st Cir. 1988); <u>City of Los
Angeles v. Heller</u>, 475 U.S. 796, 799 (1986).

**JURY DEMAND**

Davis demands a trial by jury on all counts.

Respectfully submitted,

DEFENDANT, EDWARD DAVIS

William F. Sinnott,
Corporation Counsel

By his attorney:

**CERTIFICATE OF SERVICE**

I hereby certify that on this day
a true copy of the foregoing
document was served upon the
attorney of record via CM/ECF
filing.

/s/ Nicole Murati Ferrer
_____
Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474

2/22/10   /s/ Nicole Murati Ferrer
Date      Nicole Murati Ferrer