### UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 09-11705-NG**

---

**JONATHAN GREEN**

**v.**

**CITY OF BOSTON; EDWARD DAVIS, in his capacity as Chief of the Boston Police Dept.; TIMOTHY MCCARTHY, individually and in his official capacity as an Employee, Agent, and/or Officer of the Boston Police Department**

---

### TIMOTHY McCARTHY'S ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the Defendant, Timothy McCarthy ("McCarthy"), and answers the Plaintiff's Complaint ("Complaint") as follows:

### I.   INTRODUCTION

1.

a.   Paragraph 1(a) of the Complaint consists of a statement of law to which no response is required.  To the extent that Paragraph 1(a) purports to allege facts, McCarthy denies the allegations.

b.   Paragraph 1(b) of the Complaint consists of a statement of law to which no response is required.  To the extent that Paragraph 1(b) purports to allege facts, McCarthy denies the allegations.

c.   Paragraph 1(c) of the Complaint consists of a statement of law to which no response is required.  To the extent that Paragraph 1(c) purports to allege facts, McCarthy denies the allegations.

### II.   PARTIES

1.   McCarthy is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1, and calls upon the Plaintiff to prove the same.

2.   McCarthy admits only the first sentence of Paragraph 2.  As to the second sentence of Paragraph 2, McCarthy states that it is a legal conclusion to which no response is required.  In the event a response is required as to the second sentence, McCarthy admits only that the Boston Police Department is a department within the City of Boston.

3.   McCarthy admits only that at the time of the alleged incident Edward Davis was the Police Commissioner of the Boston Police Department.  As to the rest of the allegations contained in Paragraph 3, they are legal statements and conclusions to which no response is required.  To the extent that any factual allegations are made with regard to the actions of McCarthy relative to the alleged incident, the allegations are denied.

4.   Admitted with the exception of the allegations that McCarthy was acting "under color of . . . customs . . . and practices [ ]."

### III. JURISDICTION AND VENUE

5.   Paragraph 5 consists of legal conclusions to which no response is required.  To the extent that Paragraph 5 purports to allege facts, McCarthy denies the allegations.

6.   Paragraph 6 consists of legal conclusions to which no response is required.  To the extent that Paragraph 6 purports to allege facts, McCarthy denies the allegations.

7.   Admitted only as to McCarthy, the City of Boston and Edward Davis.  As to the Plaintiff, McCarthy states he is without sufficient information or knowledge to admit or deny the allegation, and calls upon the Plaintiff to prove the same.

### FACTUAL ALLEGATIONS

8.   Paragraph 8 consists of a legal conclusion and/or determination to which no response is required.  To the extent a response is required, McCarthy states he is without sufficient information or knowledge to admit or deny the allegations contained therein, and calls upon the Plaintiff to prove the same.

9.   Admitted.

10.   Admitted.

11.  To the extent that this Paragraph is referring to the actions of Defendant McCarthy, the allegations are denied.

12.  Paragraph 12 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 12 purports to allege facts, McCarthy denies the allegations.

## V.    CAUSES OF ACTIONS

### COUNT I: EXCESSIVE FORCE DURING ARREST
### (Against Timothy McCarthy)

13.  McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

14.  Admitted.

15.  Paragraph 15 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 15 purports to allege facts, the allegations are denied.

16.  Paragraph 16 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 16 purports to allege facts, the allegations are denied.

17.  The allegations in this Paragraph cannot be properly answered as the timeline is unclear and the "at certain times" qualification is vague.  To the extent a response is required, the allegations are denied.

18.  Paragraph 18 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 18 purports to allege facts, the allegations are denied.

19.  Paragraph 19 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 19 purports to allege facts, the allegations are denied.

20.  Paragraph 20 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 20 purports to allege facts, the allegations are denied.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Timothy McCarthy)

21.  McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

22.  Paragraph 22 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 22 purports to allege facts, the allegations are denied.

23.  Paragraph 23 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 23 purports to allege facts, the allegations are denied.

24.  Paragraph 24 consists of legal arguments and conclusions to which no response is required.  To the extent a response is required, McCarthy is without sufficient information or knowledge to admit or deny the allegations, and calls upon the Plaintiff to prove the same.

25.  Paragraph 25 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 25 purports to allege facts, the allegations are denied.

## COUNT III: ASSAULT AND BATTERY
### (Against Timothy McCarthy)

26.  McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

27.  Paragraph 27 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 27 purports to allege facts, the allegations are denied.

28.  Paragraph 28 consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 28 purports to allege facts, the allegations are denied.

## COUNT IV: VIOLATIONS OF M.G.L. c. 12, § 11I
### (Against Timothy McCarthy)

29.  McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

30.  Paragraph 30 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 30 purports to allege facts, the allegations are denied.

31.  Paragraph 31 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 31 purports to allege facts, the allegations are denied.

32.  Paragraph 32 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 32 purports to allege facts, the allegations are denied as to McCarthy's alleged actions; as to Plaintiff's alleged injuries, McCarthy is without sufficient information to admit or deny and calls upon the Plaintiff to prove the same.

33.  Paragraph 33 of the Complaint consists of legal arguments and conclusions to which no response is required.  To the extent that Paragraph 33 purports to allege facts, the allegations are denied.

## COUNT V: VIOLATIONS OF 42 U.S.C. § 1983
### (Against City of Boston, Chief Edward Davis)

34.  McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

35-41.   The allegations contained in Paragraphs 35 through 41 of the Complaint are directed towards Defendants other than McCarthy, and therefore, no response from McCarthy is required. Moreover, these Paragraphs consist of legal arguments and conclusions to which no response is required.  To the extent these Paragraphs purport to allege facts, and to the extent a response is required from McCarthy, McCarthy states he is without sufficient information or knowledge to admit or deny the allegations contained therein, and calls upon the Plaintiff to prove the same.

## COUNT VI: MASSACHUSETTS TORT CLAIMS ACT M.G.L. c. 258, § 4
### (Against City of Boston)

42.  McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

43.   The allegations contained in Paragraphs 43 are directed towards a Defendant other than McCarthy, and therefore, no response from McCarthy is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.

44.   The allegations contained in Paragraphs 44 are directed towards a Defendant other than McCarthy, and therefore, no response from McCarthy is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.  To the extent it purports to allege facts, and to the extent a response is required from McCarthy, McCarthy admits only that the City of Boston, Boston Police Department hired and trained him.  As to the remainder of the allegations, they are denied.

45.   The allegations contained in Paragraphs 45 are directed towards a Defendant other than McCarthy, and therefore, no response from McCarthy is required.  Moreover, the Paragraph consists of legal arguments and conclusions to which no response is required.  To the extent it purports to allege facts, and to the extent a response is required from McCarthy, McCarthy is without sufficient information or knowledge to admit or deny the allegations contained therein, and calls upon the Plaintiff to prove the same.

### COUNT VII: NEGLIGENT SUPERVISION
### (Against Chief Edward Davis)

46.   McCarthy restates and thereby incorporates by reference his answers to the allegations contained in the foregoing Paragraphs.

47-50.   The allegations contained in Paragraphs 35 through 41 of the Complaint are directed towards Defendants other than McCarthy, and therefore, no response from McCarthy is required.  Moreover, these Paragraphs consist of legal arguments and conclusions to which no response is required.  To the extent these Paragraphs purport to allege facts, and to the extent a response is required from McCarthy, McCarthy states he is without sufficient information or knowledge to admit or deny the allegations contained therein, and calls upon the Plaintiff to prove the same.

**DAMAGES**

1-5. These Paragraphs consists of prayers for relief to which no response is required.  To the extent any of these Paragraphs purport to allege facts, the allegations are denied.

**AFFIRMATIVE DEFENSES**

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

McCarthy states that Plaintiff's injuries or damages, if any, were proximately caused by Plaintiff's own intentional conduct, and not McCarthy's conduct.  McCarthy further affirmatively states that no act or omission by him was the proximate cause of damages, if any, allegedly sustained by the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

McCarthy states the Plaintiff's claims are barred because of estoppel, unclean hands and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

McCarthy states his acts and conduct were performed according to, and protected by, law and/or legal processes, and therefore, the Plaintiff cannot recover.

## FIFTH AFFIRMATIVE DEFENSE

McCarthy states that, at all times material and relevant hereto, he acted reasonably, within the scope of his official discretion, and with an objectively reasonable belief that his actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in which bear on a question of state or federal law.

## SIXTH AFFIRMATIVE DEFENSE

The Plaintiff was not deprived of any rights secured by either the constitution or laws of the Commonwealth of Massachusetts and the United States of America.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to the incident alleged by the Plaintiff, McCarthy acted in accordance with all relevant laws of the Commonwealth of Massachusetts and the United States of America.

## EIGHTH AFFIRMATIVE DEFENSE

McCarthy was justified in his acts and/or conduct, and therefore, the Plaintiff cannot recover.

## NINTH AFFIRMATIVE DEFENSE

McCarthy states that any injury and/or damage suffered by the Plaintiff, if any, were caused by others for whose conduct he is not responsible.

## TENTH AFFIRMATIVE DEFENSE

McCarthy states his actions are entitled to and protected by qualified immunity.

## ELEVENTH AFFIRMATIVE DEFENSE

McCarthy states his actions are entitled to and protected by absolute immunity.

## TWELFTH AFFIRMATIVE DEFENSE

McCarthy states punitive damages are not recoverable against him in his official capacity or against a municipality. Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981).

## THIRTEENTH AFFIRMATIVE DEFENSE

McCarthy states that, at all times relevant to the allegations stated in the Complaint, he acted upon probable cause based upon reasonable grounds and that the circumstances justified his conduct.

FOURTEENTH AFFIRMATIVE DEFENSE

McCarthy states he is not subject to the Massachusetts Civil Rights Act in his official capacity.

FIFTEENTH AFFIRMATIVE DEFENSE

McCarthy states he was privileged in his conduct and acts, and therefore, the Plaintiff cannot recover.

SIXTEENTH AFFIRMATIVE DEFENSE

McCarthy states that if the Plaintiff was injured it was as a result of the Plaintiff's breach of his duty to exercise a degree of care to protect and ensure his own safety.

SEVENTEENTH AFFIRMATIVE DEFENSE

McCarthy states the alleged injuries and damages were caused in whole, or in part, by Plaintiff's own negligence.

EIGHTEENTH AFFIRMATIVE DEFENSE

McCarthy states his actions are immune from suit as he was engaging in discretionary functions.

NINETEENTH AFFIRMATIVE DEFENSE

At all relevant times, McCarthy acted in good faith upon reasonable belief and that these actions were required and in compliance with all relevant laws and circumstances.

TWENTIETH AFFIRMATIVE DEFENSE

At all times relevant, the McCarthy was acting reasonably and in accordance with the law.

TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to fully comply with the presentment requirements of G. L. c. 258, and therefore, his c. 258 claims must be dismissed.

TWENTY-SECOND AFFIRMATIVE DEFENSE

The Complaint as to McCarthy should be dismissed for insufficient process and/or insufficient service of process.

**JURY DEMAND**

McCarthy demands a trial by jury on all counts.

Respectfully submitted,

DEFENDANT, TIMOTHY McCARTHY

William F. Sinnott,
Corporation Counsel

By his attorney:

**CERTIFICATE OF SERVICE**

I hereby certify that on this day
a true copy of the foregoing
document was served upon the
attorney of record via CM/ECF
filing.

2/22/10   /s/ Nicole Murati Ferrer
Date      Nicole Murati Ferrer

/s/ Nicole Murati Ferrer
_____
Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO# 661474