UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11705-NMG

**JONATHAN GREEN**

v.

**CITY OF BOSTON; EDWARD DAVIS, in his capacity as Chief of the Boston Police Dept.; TIMOTHY MCCARTHY, individually and in his official capacity as an Employee, Agent, and/or Officer of the Boston Police Department**

**DEFENDANTS, CITY OF BOSTON AND TIMOTHY MCCARTHY'S MEMORANDUM IN SUPPORT OF THEIR MOTION FOR THE SANCTION OF DISMISSAL, OR IN THE ALTERNATIVE, TO COMPEL THE PLAINTIFF'S ATTENDANCE AT HIS DEPOSITION**

Now come the Defendants, City of Boston and Thomas McCarthy and hereby respectfully move this Court pursuant to Fed. R. Civ. P. 37(b) and 41(b) to dismiss Plaintiff's Complaint on the grounds of his failure to attend his deposition scheduled for March 20, 2012. The Defendants are also seeking costs for the stenographer, which were incurred as a result of the failure of the Plaintiff to appear at his deposition. In the alternative, the Defendants seek for this Court to enter an Order compelling the Plaintiff to appear at his deposition within seven days of this Court's order.

I.  **RELEVANT BACKGROUND**

Plaintiff filed his Complaint on October 10, 2009 alleging that Officer McCarthy used excessive force when he arrested him for disorderly conduct, assault and battery on a police officer and resisting arrest on May 7, 2007. Discovery is set to close on March 31, 2012. Counsel for the Defendants commenced Plaintiff's deposition on August 16, 2011. Plaintiff's

deposition was suspended after less than four hours due to Plaintiff's counsel's scheduling conflict and because counsel for the Defendant learned for the first time during the deposition that Plaintiff was claiming that he received medical treatment for a shoulder injury as a result of his arrest.[1]  Accordingly, Plaintiff's deposition was suspended until counsel for the Defendant could obtain Plaintiff's medical records.[2]  Once Plaintiff's medical records were obtained in or around November 2011, Plaintiff's deposition was re-noticed on February 16, 2012 to take place on March 20, 2012.  Plaintiff, however, did not appear at his deposition on March 20, 2012, nor did Plaintiff call to state that he would not be attending.[3]  At approximately 10:30 a.m. counsel for the Defendants telephoned Plaintiff's counsel to inquire as to his whereabouts and left a voicemail stating such.  At present, Plaintiff's counsel has not returned Defense counsel's phone call or reached out in any way to explain his failure to appear or reschedule his deposition.  As a result, the Defendants now move to dismiss Plaintiff's Complaint in its entirety for his failure to attend his deposition.

## II.    ARGUMENT

Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), 41(B) for his failure to appear at his deposition.  All parties have an ongoing duty to comply with the various rules that are imposed on all that interject themselves into the litigation process. *Witty v. Dukakis*, 3 F.3d 517, 520 (1st Cir. 1993). In connection with this responsibility, Rule 37 vests the court with the ability to order sanctions where "a party fails, after being served with proper

---

[1]    *See* Exhibit A, Affidavit of Michelle Hinkley

[2]    Defendants were forced to file a motion to compel the production of medical records on October 4, 2011 based on Plaintiff's failure to provide medical releases or records in response to Defendant's request for production of documents.  In or around October, Plaintiff did finally provide medical releases for the medical treatment he received for his alleged injuries.

[3]    *See* Exhibit B, March 20, 2012 Deposition Transcript

notice, to appear for that person's deposition." A potential sanction for a litigant's failure to comply with the Rules of Discovery includes dismissal of the action in its entirety. *See* Rule 37(b)(2)(A)(v) and 41(b).

Undoubtedly, Plaintiff's failure to attend his deposition or even contact defense counsel as to his reason for not attending is sufficient grounds for the sanction of dismissal. It is within the Court's inherent powers to dismiss a Plaintiff's claims as a sanction for his discovery abuses. *See Torres-Vargas v. Pereira*, 431 F.3d 389, 392 (1st Cir. 2005) (collecting authorities); Fed.R.Civ.P. 37(b)(2)(c), (d) (listing party's failure to provide or permit discovery among grounds for sanctions, including dismissal). Courts in the First Circuit have recognized that a party's refusal to participate in good faith in a deposition or discovery is a well established ground for dismissal of his claims. *See, e.g., Lonardo v. City of Boston*, 2008 WL 2130295 (D. Mass) (dismissing plaintiffs action for repeated failure to attend court ordered deposition because failure to do so had "paralyzed defendant's ability to defend the case."); *Giancola v. Johnsondiversey*, 157 Fed. Appx. 320 (1st Cir. 2005) (upholding district court's dismissal of action where plaintiff repeatedly failed to appear for deposition and failed to provide defendants' with requested documents); *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003) (refusal to comply with Court Order to appear for and participate in deposition valid basis for dismissal); *Guex v. Allmerica Fin. Life Ins. & Annuity Co.*, 146 F.3d 40, 42-43 (1st Cir. 1998) (plaintiff's failure to appear deposition without justification or excuse warranted dismissal of complaint); *The Stop & Shop Cos., Inc. v. Interstate Cigar Co.*, 110 F.R.D. 105, 108 (D. Mass. 1986) (Court may dismiss plaintiff's claims for refusal to answer deposition questions, even in the absence of an order compelling responses).

Here, the Defendant seeks dismissal of Plaintiff's Complaint based on his willful disregard of his discovery obligations.  The Defendant was forced to suspend the August 16, 2011 deposition in order to accommodate Plaintiff's counsel's scheduling conflict which was never disclosed prior to the morning of the deposition.  Suspension of the deposition was also necessary so that Defendant's counsel could obtain medical records that should have been produced in response to Defendant's document requests, but were not.  Moreover, once Defendant discovered that Plaintiff had not provided medical records to support his alleged shoulder injury, it took the Defendant three months and the filing of a motion to compel, to obtain those documents from the Plaintiff.  Dismissal is compelling in this case because the Plaintiff has prevented the Defendant from obtaining the basic discovery necessary to understand the claims against them and to mount a defense in this matter. Plaintiff's latest non-appearance at his deposition is yet another act of willful noncompliance with the rules that he is expected to abide by as a litigant.

Since Plaintiff has willfully precluded the Defendants from reconvening his deposition and has yet to even contact counsel for the Defendant to even explain his absence, his action must be dismissed.  In the alternative, the Defendants request that this Court enter an Order compelling the Plaintiff to attend his deposition within seven days of this Court's Order and award the costs of the stenographer for the March 20, 2012 cancelled deposition.  Defendant will submit a separate filing specifically enumerating these costs in a manner and time that this Honorable Court shall so Order.

Wherefore, for the all of the foregoing reasons, the Defendants, City of Boston and Timothy McCarthy respectfully request that this Honorable Court:

1. Dismiss Plaintiff's Complaint for failure appear at his deposition;

2.       Enter an Order awarding the Defendant costs for the expense of the cancelled deposition;

3.       In the alternative, enter an Order compelling the Plaintiff to attend his deposition within seven days of this Court's Order;

        Respectfully submitted,
        DEFENDANT, CITY OF BOSTON and
        TIMOTHY MCCARTHY
        William F. Sinnott
        Corporation Counsel

        By their attorney:

        /s/  Lisa Skehill Maki
        Lisa Skehill Maki
        BBO# 675344
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4022
        Lisa.Maki@cityofboston.gov

## Local Rule 7.1, 37.1, and Federal Rule 37(a) Certification

      Undersigned counsel certifies that prior to filing the instant motion, counsel for the Defendants attempted to confer with counsel for the Plaintiff in a good faith effort to resolve or narrow the issues raised herein but as of this date was unable to do so, and further certify that counsel for the Defendants attempted in good faith to resolve the discovery issue raised herein in compliance with the provisions of Local Rule 37.1 but was unable to do so.

Date:  March 22, 2012                                                 /s/ Lisa Skehill Maki
                                                                                       Lisa Skehill Maki