# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JONATHAN GREEN )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CITY OF BOSTON; EDWARD DAVIS, in his )<br>capacity as CHIEF OF THE BOSTON POLICE )<br>DEPT; TIMOTHY MCCARTHY, individually )<br>and in his official capacity as an Employee, )<br>Agent, and/or Officer of the BOSTON POLICE )<br>DEPARTMENT )<br>Defendants. )<br>) | CIVIL ACTION NO.<br>09-11705-NG |

### PLAINTIFF, JONATHAN GREEN'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT, AND ASSENTS TO DEFENDANTS' MOTION TO COMPEL HIS ATTENDANCE AT A DEPOSITION

Now comes the Plaintiff, and hereby opposes the Defendants' Motion to Dismiss Complaint, and assents to Defendants' Motion to Compel His Attendance at a Deposition. As grounds for the opposition, the Plaintiff submits that he was not aware of the deposition, and that it was through the excusable neglect of his counsel, for his lack of notice. Although the Defendants raise various complaints (i.e., having to fragment the deposition into two parts – due to scheduling matters, and to providing of medical records), to perhaps give the impression that the Defendant has some specific intent to act in bad-faith in this litigation process (which is not the case), the only issue in play is the Plaintiff's failure to attend part II of his deposition, after he already attended part I. The Plaintiff relies upon the enclosed affidavit of counsel in support of his lack of notice, and will just state in summation that the undersigned has contacted the Defendants, apologizing for the oversight, and offered to pay the stenographer's cost. They have refused to accept, opting to seek a dismissal of the case, after they have received direct evidence (or information) that there was no bad-faith.

2

Respectfully submitted,
PLAINTIFF, JONATHAN GREEN
By his attorney


/s/ Gordon W. Spencer
_____
Gordon W. Spencer
945 Concord Street
Framingham, MA 01701
(508) 231-4822
**BBO #630488**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN GREEN ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 09-11705-NG |
| CITY OF BOSTON; EDWARD DAVIS, in his ) | |
| capacity as CHIEF OF THE BOSTON POLICE ) | |
| DEPT; TIMOTHY MCCARTHY, individually ) | |
| and in his official capacity as an Employee, ) | |
| Agent, and/or Officer of the BOSTON POLICE ) | |
| DEPARTMENT ) | |
| Defendants. ) | |
| ) | |

**AFFIDAVIT OF GORDON W. SPENCER IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

I, Gordon W. Spencer, hereby and do state under oath:

1. My name is Gordon W. Spencer, Esq., I represent the Plaintiff, and I have first hand knowledge of the facts contained herein.

2. On March 20, 2012, it has come to my knowledge that a deposition was scheduled for the Plaintiff, and he did not appear.

3. His reason for his non-appearance was due to my failure to tell him of the date.

4. Actually, I wasn't aware of the date myself. The first time that I learned of the date, was when I saw the Defendants' Motion for Dismissal online. Upon seeing that, I went to the file to see if there was any deposition notice for that day. I did see a notice which had been filed away, unbeknownst to me, and not calendared in my diary. (See Exhibit 1).

5. Since February 22, 2012, I lost my paralegal who has worked with me for the past year, and who did all the filing and calendaring, as well as notifying clients of court dates. I have not spoken to her about this, but I can only presume that she filed this away, just before she left, and did not follow up on it.

6. The Defendants claim that the Plaintiff's refusal to participate in good faith supports dismissal. There was no refusal, and there was no bad faith, only neglect on my part, which I submit is excusable.

**2**

7. Immediately after I found out of the problem, I contacted counsel for the Defendants, apologizing, telling them that "I just didn't blow it off, and that I honestly didn't know". I also offered to pay for the stenographer costs and to schedule a date as soon as possible. They have refused, opting to press for dismissal of the case. Their refusal, while within their right, seems a bit harsh.

8. As a consequence, I respectfully ask that you not dismiss the case, order a deposition after April 9, 2012 (as I will be away for the upcoming religious holiday), and since they have refused to accept the stenographer fees, in lieu of dismissal, there is no need to order that which they don't seek. In fact, I have been waiting to draft this motion since March 28, 2012, as I have emailed Defendants' counsel twice (see Exhibits 2 and 3) looking for a breakdown of the fees so that I could assess the reasonableness of the fee, and acknowledge the promise to pay the same in the Plaintiff's motion. I have not received any response back from them. I would submit that their refusal to provide any evidence of the cancellation fee, after repeated requests for the same, should serve as a waiver to seek it in the future.

_____
/s/ Gordon W. Spencer, Esq.