# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                            )
JONATHAN GREEN                              )
                                            )
        Plaintiff.                          )
                                            )
v.                                          )
                                            )
CITY OF BOSTON; EDWARD DAVIS, in his        )
capacity as CHIEF OF THE BOSTON POLICE      )
DEPT; TIMOTHY MCCARTHY, individually        )
and in his official capacity as an Employee,)
Agent, and/or Officer of the BOSTON POLICE  )
DEPARTMENT                                  )
        Defendants.                         )
_____ )

## COMPLAINT

### I. INTRODUCTION

1.   a.   This is an action for money damages brought by the Plaintiff, pursuant to 42

          U.S.C. § 1983, 1985 and 1988, the Fourth (and Fourteenth) Amendment(s) to the

          United States Constitution and the common law of the Commonwealth of

          Massachusetts against Timothy McCarthy, individually, and in his official

          capacity for his tortious acts of excessive force, and intentional infliction of

          emotional distress.

     b.   This is an action also brought by the Plaintiff, against the City of Boston, and the

          Boston Police Department (Chief Edward Davis), for damages for violations of

          their civil and constitutional rights as protected by M.G.L.c 12 §11I and Title 42

          U.S.C. § 1983.

    c.    Further, and pursuant to Massachusetts Claims Act, M.G.L.c 258 §§ 2 and 3, the Plaintiff sues the City of Boston for Damages proximately resulting from its reckless, grossly negligent and negligent retention, supervision and assignment of Timothy McCarthy.

## II. PARTIES

1. The Plaintiff, Jonathan Green is a citizen of the United States and a resident of the Commonwealth of Massachusetts.

2. The Defendant, City of Boston is a municipal corporation created under the laws of the Commonwealth of Massachusetts and at all times relevant hereto employed the Defendant Timothy McCarthy.  The Defendant, City of Boston is responsible for and maintains the Boston Police Department.

3. The Defendant Chief Edward Davis is and was at all times relevant hereto the Chief of the City of Boston Police Department.  As such he is responsible for the overall training and conduct of the Boston Police Department.  He is also responsible by law for ensuring that the Boston police officers obey the regulations of the Boston Police Department and the laws of the Commonwealth of Massachusetts and the United States.  He was the chief policymaking official of the Boston Police Department.  He is named in his official capacity.

4. The Defendant, Timothy McCarthy at all times relevant hereto, is a resident of the Commonwealth of Massachusetts, and a duly appointed officer of the Boston Police Department, acting under color of statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Boston, and the Boston Police Department. He is named individually and in his official capacity.

### III. JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

6. The Plaintiff further invokes supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367 and the pendent jurisdiction of this court to hear and decide claims arising under state law.

7. All parties are residents of Massachusetts. The municipal Defendant is located in Massachusetts.

### IV. FACTUAL ALLEGATIONS

8. A presentment of the claims against the Commonwealth of Massachusetts and the Boston Police Department pursuant to M.G.L. c 258 § 4 was made in a letter sent by first class and certified mail, return receipt requested, dated December 16, 2008, to The Honorable Thomas Menino, Mayor, Chief Paul Evans of the Boston Police Department, and on behalf of Officer Timothy McCarthy, who is under his command.

9. On the afternoon of May 7, 2007, the Plaintiff was at a 7-11 store located at 252 West Newton Street, Boston, Suffolk County, Massachusetts.

10. At approximately 4:30 p.m. that afternoon, Officer Timothy McCarthy arrived at the Seven Eleven store, and placed the Plaintiff under arrest for violations of Massachusetts General Laws, chapters 268 sec. 32B, 272 sec. 53, and 265 sec. 13D.

11. At the time of the arrest of the Plaintiff, Defendant had used excessive force, grabbing the collar of Plaintiff's shirt then slamming his head and face against the head of hood of the police cruiser, thus causing him severe injury.

12. The Plaintiff has also suffered emotional distress as a result of the actions of the Boston Police Department, as well as the assault and battery committed by Officer McCarthy against the Plaintiff and the deprivation of civil rights and denial of equal protection of the laws.

### V. CAUSES OF ACTIONS

### COUNT I: EXCESSIVE FORCE DURING ARREST
### (against Timothy McCarthy)

13. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 12.

14. The Defendant, Timothy McCarthy arrested the Plaintiff, on May 7, 2007.

15. The Defendant, Timothy McCarthy violated the Plaintiff's Fourth Amendment rights by using excessive force, when during the course of the arrest of Plaintiff, Defendant attacked Plaintiff, causing him severe injury.

16. The excessive force that was used by Defendant, Timothy McCarthy against Plaintiff, during the arrest of Plaintiff was unreasonable and not tailored towards effectuating the taking of Plaintiff safely into custody.

17. At certain times during the arrest, the Plaintiff was in handcuffs, and posed no threat to the safety of Timothy McCarthy at that time.

18. At all times relevant to this complaint, the Plaintiff had a Fourth Amendment right not to be subjected to the use of excessive force by Defendant Timothy McCarthy.

19. At all times relevant to this complaint, the Defendant Timothy McCarthy, while acting under color of state law, used unreasonable and excessive force as described above.

20. As the direct and proximate result of the intentional use of excessive force by Defendant Timothy McCarthy, the Plaintiff was deprived of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

### COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Timothy McCarthy)

21. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 20.

22. The Defendant, Timothy McCarthy intended by his actions to cause the Plaintiff emotional distress, or in the alternative, knew or should have known that emotional distress was the likely result of his actions.

23. The acts of Timothy McCarthy in the aforementioned paragraphs were extreme and outrageous.

24. The acts of Timothy McCarthy in the aforementioned paragraphs caused the Plaintiff severe emotional and physical distress.

25. The Defendant, Timothy McCarthy is liable to the Plaintiff for compensatory and appropriate punitive damages for his tortuous misconduct.

### COUNT III: ASSAULT AND BATTERY
### (against Timothy McCarthy)

26. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 25.

27. The actions of Defendant Timothy McCarthy constitute the tort of assault and battery under the laws of the Commonwealth.

28. As the direct and proximate result of the intention acts of Defendant Timothy McCarthy, the Plaintiff suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

### COUNT IV: VIOLATIONS OF M.G.L. c 12 §11I
### (against Timothy McCarthy)

29. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 28.

30. The Defendant, Timothy McCarthy, based upon the aforementioned allegations, violated the Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under Article One, Ten, and Fourteen of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

31. The above actions of the Defendant was taken by means of threats, intimidation and coercion.

32. By his actions described herein, the Defendant violated the Plaintiff's rights as protected by G.L. c. 12 §11I, causing him injury.

33. The Defendant acted with malice or with reckless disregard for whether the Plaintiff's rights would be violated by their actions, causing him injury.

### COUNT V: VIOLATIONS OF 42 U.S.C § 1983
### (against City of Boston, Chief Edward Davis)

34. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 33.

35. The Defendant, Timothy McCarthy, acted under color of state law in effecting the arrest, using excessive force, without justification, violated the Plaintiff's rights against unreasonable seizure, arrest and search as protected by the Fourth and Fourteenth Amendments of the United States Constitution, violated the Plaintiff's rights to equal protection of the law, as protected by the Fourteenth Amendment of the United States

Constitution, violated the Plaintiff's rights to full and equal benefit of all laws protecting the security of persons and property, as provided by 42 U.S.C. §§ 1981 and 1983, and violated the Plaintiff's rights against cruel and unusual punishment, as protected by the Eighth Amendment of the United States Constitution.

36. The Defendants, City of Boston, and the Chief Edward Davis maintained a policy or custom of failing to reasonably train and supervise its police officers, which resulted in a deliberate indifference to the rights of persons with whom the police come into contact with, including the Plaintiff.

37. At the time of May 7, 2007, the Defendants City of Boston and Chief Edward Davis, knew that a risk existed of a constitutional violation presenting itself, as alleged in Count I of Plaintiff's Complaint, and the Defendants City of Boston and Chief Edward Davis took no action to provided necessary training to Defendant Timothy McCarthy, to make certain this did not happen.

38. The Defendants City of Boston and Chief Edward Davis failed to reasonably train and supervise Defendant Timothy McCarthy in a manner that would prevent civil rights violations such as the ones alleged in this action.

39. Said actions by Defendants City of Boston and Chief Edward Davis evidenced a negligent and/or deliberate indifference to the rights of the Plaintiff.

40. The failure of the Defendants, City of Boston, to train and/or supervise Timothy McCarthy directly and proximately caused the Plaintiff's rights to be violated.

41. The Defendant acted with malice or with reckless disregard for whether the Plaintiff's rights would be violated by his actions.

### COUNT VI: MASSACHUSETTS TORTS CLAIMS ACT M.G.L. c. 258 §4
(against City of Boston)

42. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 41.

43. The City of Boston owed a duty to exercise reasonable care, by its subdivision, the Boston Police Department in the hiring, training and supervising of officers including Defendant Timothy McCarthy.

44. The City of Boston by its subdivision the Boston Police Department hired, trained, supervised and assigned Timothy McCarthy as a member of the Boston Police Department with such recklessness, gross negligence, and ordinary negligence as to render the City of Boston liable for all proximately caused damages to the Plaintiff under M.G.L. c. 258.

45. Demand was made upon the appropriate chief executive officers of Defendant City of Boston pursuant to G.L. c. 258, which demand has not been met by a reasonable offer of settlement.

### COUNT VII: NEGLIGENT SUPERVISION
(against Chief Edward Davis)

46. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 45.

47. The Defendant, Chief of Police, Edward Davis, owed a duty of reasonable care to the Plaintiff and to all citizens who enter the limits of the municipality of Boston to properly and reasonably train and supervise its police officers.

48. Said Defendant breached his duty by failing to properly train and supervise Boston police officers, including Defendant McCarthy. Said failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and the failure to supervise Boston Police Officers

adequately or properly which failure delivered a message to the individual police officer herein that there would be no departmental sanctions for engaging in misconduct.

49. Defendants' breach of duty proximately caused the Plaintiff's injury and damage.

50. As a direct and proximate result of these acts, the Plaintiff was caused physical damages, great emotional distress, and suffered other damages.

## DAMAGES

WHEREFORE the Plaintiff, pray this Honorable Court:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damages against Defendants McCarthy and Chief Edward Davis.

3. Award the Plaintiff's compensation for his pain and suffering, emotional distress, land other expenses, in the amount determined by trial;

4. Award the Plaintiff the cost of this action, including reasonable attorney fees in accordance with the law, including but not limited to 42 U.S.C. §1983 and M.G.L. c. 12 §11I;

5. Award the Plaintiff such additional relief as may be appropriate under the special circumstances of the case.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury on all counts of this complaint.

                                                Respectfully submitted,
                                                JONATHAN GREEN
                                                By his Attorney,

                                                /s/Gordon W. Spencer
                                                B.B.O. # 630488
                                                1256 Park Street, Suite 104
                                                Stoughton, MA 02072
                                                (781) 297-9293

Dated: September 10, 2009