# EXHIBIT E



# CITY OF BOSTON
# LAW DEPARTMENT
City Hall, Room 615
Boston, MA 02201

THOMAS M. MENINO
*Mayor*

WILLIAM F. SINNOTT
*Corporation Counsel*

July 29, 2010

Gordon W. Spencer, Esq.
Attorney at Law
185 Devonshire Street, Suite 302
Boston, Massachusetts  02110

> Re:   <u>Jonathan Green v. City of Boston, et al.</u>
> Civil Action No. 09-11705 NG
> COB File No. 10-0093

Dear Attorney Spencer:

Enclosed please find the following:

1. *Defendant City of Boston's First Set of Interrogatories to Plaintiff Jonathan Green;*

2. *Defendant Timothy McCarthy's First Set of Interrogatories Propounded to Plaintiff Jonathan Green; and*

3. *Defendant Edward Davis's First Set of Interrogatories to Plaintiff Jonathan Green.*

The originals have been retained by this office pursuant to Mass. R. Civ. P. 5(d)/Superior Court Administrative Directive No. 90-2.

Thank you for your attention to this matter.  Please contact me if you have any questions.

Sincerely,

Nicole Murati Ferrer
Assistant Corporation Counsel
617-635-4045

NMF:rri
Enclosures

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11705-NG

JONATHAN GREEN

v.

CITY OF BOSTON; EDWARD DAVIS,
in his capacity as Chief of
the Boston Police Department;
TIMOTHY MCCARTHY, individually
and in his official capacity
as an Employee, Agent, and/or
Officer of the Boston Police
Department

DEFENDANT CITY OF BOSTON'S
FIRST SET OF INTERROGATORIES TO PLAINTIFF JONATHAN GREEN

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant City of
Boston (the "City"), hereby propounds the following
interrogatories to Plaintiff, Jonathan Green ("Plaintiff"), to
be answered under the pains and penalties of perjury within
thirty (30) days of service.  The answers must be based on all
information available to the Plaintiff, his attorneys, agents,
assigns and/or representatives, and on all records in the
possession, custody and control of such persons.

The Plaintiff is reminded that Fed. R. Civ. P. 26(e)
requires him to file supplemental answers promptly upon receipt
of information rendering any answers previously filed inaccurate
or incomplete, and in certain additional circumstances.

**INTERROGATORY NO. 1:**  Please state your full name (first, middle
and last), home and business addresses, home, business and cell
phone numbers, social security number, date of birth, whether
married or single, and if married the name of your spouse and
all contact information, and the full names of all individuals
residing with you at the time of the alleged incident and
presently.

**INTERROGATORY NO. 2:**  State the full names (first, middle and
last), home and business addresses, home, business and cell
phone numbers and other contact information of each and every

witness to the incident and the scope of their knowledge as to the incident and/or your claims.

**INTERROGATORY NO. 3:** State the full names (first, middle and last), home and business addresses, home, business and cell phone numbers and other contact information of each and every witness you intend to call at trial and their expected testimony.

**INTERROGATORY NO. 4:** Please set forth in full and complete details how you suffered injuries in violation of 42 U.S.C. § 1983 as alleged in your Complaint.

**INTERROGATORY NO. 5:** Please set forth in full and complete details which of the City's actions or inactions you claim caused you injuries in violation of 42 U.S.C. § 1983 as alleged in your Complaint.

**INTERROGATORY NO. 6:** Please set forth in full and complete details how the City failed to adequately train and supervise the Defendant Timothy McCarthy and/or any other Boston Police Officer thereby allegedly causing you injuries.

**INTERROGATORY NO. 7:** Please set forth in full and complete details what policy or custom the City maintained that you claim resulted in the deliberate indifference to your rights.

**INTERROGATORY NO. 8:** Please set forth in full and complete details which facts you claim show the City knew or should have known there was a risk that Defendant Timothy McCarthy would allegedly use excessive force and/or allegedly violate any of your civil rights.

**INTERROGATORY NO. 9:** Please set forth in full and complete details which facts you claim show the City took actions which evidence a negligent or deliberate indifference to your rights.

**INTERROGATORY NO. 10:** Please set forth in full and complete details which facts you claim show the City acted with malice or with reckless disregard to your rights.

**INTERROGATORY NO. 11:** Please set forth in full and complete details each of the City's acts or failures to act for which you seek compensation.

**INTERROGATORY NO. 12:** Please set forth in full and complete details which of the City's actions or inactions you claim

caused you injuries in violation of G. L. c. 258, § 4 as alleged in your Complaint.

**INTERROGATORY NO. 13:** Please set forth in full and complete details the facts you claim show the City negligently hired, trained, supervised, and assigned Defendant Timothy McCarthy thereby allegedly breaching its duty pursuant to G. L. c. 258, § 4.

**INTERROGATORY NO. 14:** Please set forth in full and complete details how you suffered injuries in violation of G. L. c. 258, § 4 as alleged in your Complaint.

**INTERROGATORY NO. 15:** Have you ever been involved as a party in any other lawsuits? If yes please state: the name and address of each party to the lawsuit, both plaintiff(s) and defendant(s); a brief description of the nature of the lawsuit and the allegations involved; the name of the court or agency in which the lawsuit was filed, the date of such filing and the docket number of the matter, as well as the name of any other court or agency which the matter was removed or transferred; the name and address of the attorneys involved in the lawsuit; and a brief description of the resolution of each lawsuit.

**INTERROGATORY NO. 16:** If any written or oral statement of the City, its agents, servants or employees has been obtained by you regarding the occurrences in the Complaint, please state:

    a.    The name and address of the person from whom each such statement was obtained;

    b.    The date of such statement; and

    c.    The substance of any such statement.

**INTERROGATORY NO. 17:** If any written or oral statement was given by you regarding the occurrences in the Complaint, please state:

    a.    The name and address to whom you made such a statement;

    b.    The date you made such a statement; and

    c.    The substance of any such statement.

**INTERROGATORY NO. 18:** Please list and identify all persons whom you will call as expert witness at trial, stating as to each such expert witness:

a.   The substance of the facts and opinions to which each
     expert is expected to testify; and
b.   A summary of the grounds for each opinion of each such
     expert.

                              Respectfully submitted,

                              DEFENDANT, CITY OF BOSTON

                              William F. Sinnott,
                              Corporation Counsel

                              By its attorney:

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date         Nicole Murati Ferrer
below the foregoing document was          Assistant Corporation Counsel
served upon counsel of record via         City of Boston Law Department
first-class mail, postage pre-paid.       1 City Hall Plaza, Room 615
                                          Boston, MA 02201
                                          (617) 635-4045
_____   _____           BBO # 661474
Dated      Nicole Murati Ferrer

Page 4 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11705-NG

JONATHAN GREEN

v.

CITY OF BOSTON; EDWARD DAVIS,
in his capacity as Chief of
the Boston Police Department;
TIMOTHY MCCARTHY, individually
and in his official capacity
as an Employee, Agent, and/or
Officer of the Boston Police
Department

## DEFENDANT TIMOTHY McCARTHY'S FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF JONATHAN GREEN

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant, Timothy McCarthy, in his individual and official capacity as a Boston Police Officer ("McCarthy"), hereby propounds the following interrogatories to the Plaintiff, Jonathan Green, to be answered under the pains and penalties of perjury within thirty (30) days of service.  The answers must be based on all information available to the Plaintiff, his attorneys, agents, assigns and/or representatives, and on all records in the possession, custody and control of such persons.

The Plaintiff is reminded that Fed. R. Civ. P. 26(e) requires him to file supplemental answers promptly upon receipt of information rendering any answers previously filed inaccurate or incomplete, and in certain additional circumstances.

**INTERROGATORY NO. 1:**  Please state your full name (first, middle and last), home and business addresses, home, business and cell phone numbers, social security number, date of birth, whether married or single, and if married the name of your spouse and all contact information, and the full names of all individuals residing with you at the time of the alleged incident and presently.

**INTERROGATORY NO. 2:**  State the full names (first, middle and last), home and business addresses, home, business and cell

phone numbers and other contact information of each and every witness to the incident and the scope of their knowledge as to the incident and/or your claims.

**INTERROGATORY NO. 3:** State the full names (first, middle and last), home and business addresses, home, business and cell phone numbers and other contact information of each and every witness you intend to call at trial and their expected testimony.

**INTERROGATORY NO. 4:** Please set forth in full and complete details all events that occurred on May 7, 2007, at or around 4:30 p.m. leading up to your arrest.

**INTERROGATORY NO. 5:** Please set forth in full and complete details all verbal communications you had with McCarthy and/or any other Boston Police Officer on May 7, 2007.

**INTERROGATORY NO. 6:** Please set forth in full and complete details all communications you had with the employees of the 7-11 located at 252 West Newton Street, Boston, on May 7, 2007.

**INTERROGATORY NO. 7:** Please set forth in full and complete details all of your actions towards McCarthy and the other Boston Police officers you encountered on May 7, 2007, including in your answer all actions of resistance taken by you whether verbal or physical.

**INTERROGATORY NO. 8:** Please set forth in full and complete details all facts upon which you rely in alleging that McCarthy used excessive force to restrain and/or handcuff you on May 7, 2007.

**INTERROGATORY NO. 9:** Please set forth in full and complete details all facts which you allege show the actions of McCarthy on May 7, 2007, were extreme and outrageous to such an extent that they caused you severe emotional and physical distress.

**INTERROGATORY NO. 10:** Please set forth in full and complete details the injuries allegedly caused by McCarthy's extreme and outrageous conduct. Specifically detailing everything that happened to you that you claim constitutes "severe emotional and physical distress" as alleged in your Complaint.

**INTERROGATORY NO. 11:** Please set forth in full and complete details all facts upon which you rely and which you claim show McCarthy assaulted and battered you on May 7, 2007.

**INTERROGATORY NO. 12:**  Please set forth in full and complete detail all facts upon which you rely and which you claim show McCarthy threatened, intimidated, and coerced you.

**INTERROGATORY NO. 13:**  Please set forth in full and complete detail what McCarthy allegedly caused you to do as a result of his alleged threats, intimidation, and coercion.

**INTERROGATORY NO. 14:**  Please set forth in full and complete details how you suffered injuries in violation of G. L. c. 12, § 11I as alleged in your Complaint.

**INTERROGATORY NO. 15:**  Please set forth in full and complete details which facts you claim show McCarthy acted with malice or with reckless disregard to your rights.

**INTERROGATORY NO. 16:**  Please identify with specificity, all facts upon which you rely in alleging that McCarthy interfered with your right to be secure in person.

**INTERROGATORY NO. 17:**  Please identify with specificity all threats, means of intimidation, and means of coercion which you allege McCarthy engaged in toward you.

**INTERROGATORY NO. 18:**  Please identify the constitutional right, United States and/or Massachusetts, which you allege McCarthy interfered with, including in your answer a description of how McCarthy interfered with said right.

**INTERROGATORY NO. 19:**  Please list and identify all persons whom you intend to call as an expert witness at trial, stating as to each such expert witness:

   a.  The substance of the facts and opinions to which each expert is expected to testify; and
   b.  A summary of the grounds for each opinion of each such expert.

Respectfully submitted,

DEFENDANT, TIMOTHY McCARTHY,
individually and in his official
capacity as an Employee, Agent,
and/or Officer of the Boston
Police Department

William F. Sinnott,
Corporation Counsel

By his attorney:

Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO # 661474

**CERTIFICATE OF SERVICE**

**I hereby certify that on the date
below the foregoing document was
served upon counsel of record via
first-class mail, postage pre-
paid.**

7/29/10
**Dated**      **Nicole Murati Ferrer**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11705-NG

JONATHAN GREEN

v.

CITY OF BOSTON; EDWARD DAVIS,
in his capacity as Chief of
the Boston Police Department;
TIMOTHY MCCARTHY, individually
and in his official capacity
as an Employee, Agent, and/or
Officer of the Boston Police
Department

## DEFENDANT EDWARD DAVIS'S
## FIRST SET OF INTERROGATORIES TO PLAINTIFF JONATHAN GREEN

Pursuant to Fed. R. Civ. P. 26 and 33, Defendant Edward Davis, in his capacity as Chief [sic] of the Boston Police Department ("Davis"), hereby propounds the following interrogatories to Plaintiff, Jonathan Green ("Plaintiff"), to be answered under the pains and penalties of perjury within thirty (30) days of service.  The answers must be based on all information available to the Plaintiff, his attorneys, agents, assigns and/or representatives, and on all records in the possession, custody and control of such persons.

The Plaintiff is reminded that Fed. R. Civ. P. 26(e) requires him to file supplemental answers promptly upon receipt of information rendering any answers previously filed inaccurate or incomplete, and in certain additional circumstances.

**INTERROGATORY NO. 1:**  Please state your full name (first, middle and last), home and business addresses, home, business and cell phone numbers, social security number, date of birth, whether married or single, and if married the name of your spouse and all contact information, and the full names of all individuals residing with you at the time of the alleged incident and presently.

**INTERROGATORY NO. 2:**  State the full names (first, middle and last), home and business addresses, home, business and cell

phone numbers and other contact information of each and every witness to the incident and the scope of their knowledge as to the incident and/or your claims.

**INTERROGATORY NO. 3:**  State the full names (first, middle and last), home and business addresses, home, business and cell phone numbers and other contact information of each and every witness you intend to call at trial and their expected testimony.

**INTERROGATORY NO. 4:**  Please set forth in full and complete details how you suffered injuries in violation of 42 U.S.C. § 1983 as alleged in your Complaint.

**INTERROGATORY NO. 5:**  Please set forth in full and complete details which of Davis's actions or inactions you claim caused you injuries in violation of 42 U.S.C. § 1983 as alleged in your Complaint.

**INTERROGATORY NO. 6:**  Please set forth in full and complete details how Davis failed to adequately train and supervise the Defendant Timothy McCarthy and/or any other Boston Police Officer thereby allegedly causing you injuries.

**INTERROGATORY NO. 7:**  Please set forth in full and complete details what policy or custom Davis maintained that you claim resulted in the deliberate indifference to your rights.

**INTERROGATORY NO. 8:**  Please set forth in full and complete details which facts you claim show Davis knew or should have known there was a risk that Defendant Timothy McCarthy would allegedly use excessive force and/or allegedly violate any of your civil rights.

**INTERROGATORY NO. 9:**  Please set forth in full and complete details which facts you claim show Davis took actions which evidence a negligent or deliberate indifference to your rights.

**INTERROGATORY NO. 10:**  Please set forth in full and complete details which facts you claim show Davis acted with malice or with reckless disregard to your rights.

**INTERROGATORY NO. 11:**  Please set forth in full and complete details each of Davis's acts or failures to act for which you seek compensation.

**INTERROGATORY NO. 12:**  Please set forth in full and complete details the facts that show Davis negligently trained and supervised Defendant Timothy McCarthy.

**INTERROGATORY NO. 13:**  Please set forth in full and complete details the facts you claim show Davis failed to adopt or implement procedures to prevent abuse of police authority thereby allegedly causing you injuries.

**INTERROGATORY NO. 14:**  Please set forth in full and complete details how you suffered injuries for Davis's alleged negligent supervision of the Defendant Timothy McCarthy.

**INTERROGATORY NO. 15:**  Have you ever been involved as a party in any other lawsuits?  If yes please state: the name and address of each party to the lawsuit, both plaintiff(s) and defendant(s); a brief description of the nature of the lawsuit and the allegations involved; the name of the court or agency in which the lawsuit was filed, the date of such filing and the docket number of the matter, as well as the name of any other court or agency which the matter was removed or transferred; the name and address of the attorneys involved in the lawsuit; and a brief description of the resolution of each lawsuit.

**INTERROGATORY NO. 16:**  If any written or oral statement of Davis or any other Boston Police Department employee has been obtained by you regarding the occurrences in the Complaint, please state:

    a.    The name and address of the person from whom each such
          statement was obtained;
    b.    The date of such statement; and
    c.    The substance of any such statement.

**INTERROGATORY NO. 17:**  If any written or oral statement was given by you regarding the occurrences in the Complaint, please state:

    a.    The name and address to whom you made such a
          statement;
    b.    The date you made such a statement; and
    c.    The substance of any such statement.

**INTERROGATORY NO. 18:**  Please list and identify all persons whom you intend to call as an expert witness at trial, stating as to each such expert witness:

a.  The substance of the facts and opinions to which each
    expert is expected to testify; and

b.  A summary of the grounds for each opinion of each such
    expert.

Respectfully submitted,

DEFENDANT, EDWARD DAVIS, in his
capacity as Chief [sic] of the
Boston Police Department

William F. Sinnott,
Corporation Counsel

By his attorney:

Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4045
BBO # 661474

**CERTIFICATE OF SERVICE**

**I hereby certify that on the date
below the foregoing document was
served upon counsel of record via
first-class mail, postage pre-
paid.**

7/29/10
**Dated        Nicole Murati Ferrer**

Page 4 of 4

# GORDON W. SPENCER

*Attorney at Law*

945 Concord Street
Framingham, MA 01701

Tel (508) 231-4822
Fax (508) 231-4824
atttyspencer@aol.com

December 6, 2010

**VIA FIRST CLASS MAIL**

Nicole Murati Ferrer
Assistant Corporation Counsel
City of Boston Law Department
1 City Hall Plaza, Room 615
Boston, MA 02201

      RE:    JONATHAN GREEN v. TIMOTHY MCCARTHY, ET AL.,
              CIVIL ACTION NO.: 1:09-CV-11705-NG

Dear Nicole Murati Ferrer:

      Enclosed please find the following:

          **PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES
          PROPOUNDED BY THE DEFENDANT, TIMOTHY McCARTHY**

          **PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES
          PROPOUNDED BY THE DEFENDANT, CITY OF BOSTON**

          **PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES
          PROPOUNDED BY THE DEFENDANT, EDWARD DAVIS**

I hereby certify that I have served a copy of the foregoing upon all counsel of record this 6th day of
December, 2010.

                          Very truly yours,

                          Gordon W. Spencer

Enc.
cc:    Jonathan Green

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   09-11705-NG

_____
                                                        )
JONATHAN GREEN                                          )
                                                        )
v.                                                      )
                                                        )
CITY OF BOSTON; EDWARD DAVIS,                           )
in his capacity as Chief of the Boston Police Department; )
Timothy MCCARTHY, individually and in his official      )
Capacity as Employee, Agent, and/or Officer of the Boston )
Police Department                                       )
_____                 )

**PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY THE DEFENDANT, EDWARD DAVIS**

Pursuant to Mass.R.Civ.P. 33, the Plaintiff, Jonathan Green, responds as follows to the interrogatories propounded by the Defendant, Edward Davis as follows:

**GENERAL OBJECTIONS**

I.    Plaintiff objects to any interrogatory insofar as it seeks materials or information covered by one or more of the following:

(a) attorney-client privilege;

(b) attorney's work product and mental impressions of the attorney;

(c) materials prepared in anticipation of or for litigation; and

(d) materials prepared for, at the request of, or by an expert.

II.   Plaintiff objects to any interrogatory which is burdensome, oppressive, seeks information which is already known by the party, or which is not calculated to lead to the discovery of admissible evidence.

1

III.    Plaintiff objects to any interrogatory which seeks the home address, telephone number of
       any employee, representative, or agent of Plaintiff, and Plaintiff will

       not reveal such information for fear of violating the privacy of such persons who are not
       parties to this litigation.

       The General Objections shall apply to all requests, whether or not any reference is made
to such objects in Plaintiff's response.

## INTERROGATORIES

**INTERROGATORY NO.  1:**    Please State your full name (first, middle and last), home
and business addresses, home, business and cell phone numbers, social security number, date of
birth, whether married or single, and if married the name of your spouse and all contact
information, and the full names of all individuals residing with you at the time of the alleged
incident and presently.

**ANSWER:    Jonathan D. Green, 70 Saint Botolph Street # 809, Boston, MA 02116. (617)
              236-1449, 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, 3/16/65, Single, Reside Alone, Town of Brookline, MA
              02445, (617) 713-5434, Debra Cohen.**

**INTERROGATORY NO.  2:**    State the full names (first, middle and last), home and
business addresses, home, business and cell phone numbers and other contact information of
each and every witness to the incident and the scope of their knowledge as to the incident and/or
your claims.

**ANSWER:    Hyacinth Juste, 5985 Halleck Blvd, Fort Belvoir, VA 22060, (703) 781-3457.
              She witnessed the incident that occurred on the corner of the intersection of
              St. Botolph Street and W. Newton Street near the 7/11 convenience store.**

**INTERROGATORY NO.  3:**    State the full names (first, middle and last), home and
business addresses, home, business and cell phone numbers and other contact information of
each and every witness you intend to call at trial and their expected testimony.

**ANSWER:    Hyacinth Juste, 5985 Halleck Blvd, Fort Belvoir, VA 22060, (703) 781-3457.
              Expected testimony, please refer to statement:**

              **"My name is Hyacinth Juste, and I witnessed the incident that occurred on
              the corner at the intersection of St. Botolph and W. Newton Street near the
              7/11 convenience store. At or about 4:30 or 5:00 p.m. on May 7, 2007. I was
              walking up St. Botolph Street and reached the intersection of W. Newton
              Street and immediately noticed a white male and Jonathan almost out in the
              middle of the street. The white male was holding onto his arm and grabbing**

2

on him. I could hear Jonathan saying "why did you grab and assault me?" It looked like he was trying to walk away from the white male who was trying to twist his arm behind him. I then noticed a police car to the right of me parked on W. Newton Street.

Two police officers got out of the car and walked into the street, and started helping the white male who still had Jonathan's arm. They were trying to get his arms behind his back. Jonathan was still saying "why did you grab and assault me?" Somehow, they got him over to the police car and the officers along with the white male were still trying to get Jonathan's arms behind his back.

The front of his body was at the back door of the police car. The officers and the white male finally got his arms behind his back and put the handcuffs on him. When the handcuffs were on him, the white male, who was in the street, holding onto Jonathan's arms, and grabbing at him, grabbed his shirt collar from behind and slammed his head and face on the roof of the car. Jonathan stated to the individuals around him "I'm in handcuffs, and you grab me from behind and slam my head and face on the car assaulting me again." They put him in the back of the police car and drove away."

**INTERROGATORY NO. 4:**     Please set forth in full and complete details how you suffered injuries in violation of 42 U. S. C. § 1983 as alleged in your Complaint.

**ANSWER:**    See General Objection

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**How I suffered injuries was listed in paragraph 11 of my complaint. Officer McCarthy used excessive force, grabbing my collar Plaintiff's then slamming my head and face on the roof of the police cruiser.**

**INTERROGATORY NO. 5:**     Please set forth in full and complete details which of Davis's actions or inactions you claim caused you injuries in violation of 42 U. S. C. § 1983 as alleged in your Complaint.

**ANSWER:**    See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

3

**Failure to properly supervise, train, and assign Officer McCarthy in the performance of his duties. I understand that discovery is in progess and I will seasonably supplement my response.**

**INTERROGATORY NO.   6:**      Please set forth in full and complete details how Davis failed to adequately train and supervise the Defendant Timothy McCarthy and/or any other Boston Police Officer thereby allegedly causing you injuries.

**ANSWER:**    See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**Because Officer McCarthy used excessive force by grabbing my collar, then slamming my head and face on the roof of the police cruiser, that conduct alone cannot be, by any stretch of the imagination, considered to be the result of proper training, and supervision while in the performance of a Boston Police Officer's Duties.   I understand that discovery is in progess and I will seasonably supplement my response**

**INTERROGATORY NO.   7:**      Please set forth in full and complete details what policy or custom Davis maintained that you claim resulted in the deliberate indifference to your rights.

**ANSWER:**    See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**Because Officer McCarthy used excessive force, by grabbing my collar then slamming my head and face on the roof of the police cruiser, that conduct alone cannot be, by any stretch of the imagination, considered to be the result of proper training, and supervision while in the performance of a Boston Police Officer's Duties.   If it is the City's Position, which Plaintiff submits that it is, that they have ratified the conduct of Boston Police Officer McCarthy, *by not recognizing and/or sanctioning Boston Police Officer McCarthy,* then the City has maintained a policy or custom which maintenance of the same has resulted in the deliberate indifference to my rights. I understand that discovery is in progess and I may or will seasonably supplement my response.**

4

**INTERROGATORY NO. 8:**      Please set forth in full and complete details which facts you claim show Davis knew or should have known there was a risk that Defendant Timothy McCarthy would allegedly use excessive force and/or allegedly violate any of your civil rights.

**ANSWER:      See response to interrogatory number 7.**

**INTERROGATORY NO. 9:**      Please set forth in full and complete details which facts you claim show Davis took actions which evidence a negligent or deliberate indifference to your rights.

**ANSWER:      See response to interrogatory number 7.**

**INTERROGATORY NO. 10:**      Please set forth in full and complete details which facts you claim show Davis acted with malice or with reckless disregard to your rights.

**ANSWER:   See response to interrogatory number 7.**

**INTERROGATORY NO. 11:**      Please set forth in full and complete details each of Davis's acts or failures to act for which you seek compensation.

**ANSWER:      See response to interrogatory number 7.**

**INTERROGATORY NO. 12:**      Please set forth in full and complete details the facts that show Davis negligently trained and supervised Defendant Timothy McCarthy.

**ANSWER:   See response to interrogatory number 6 and interrogatory number 7.**

**INTERROGATORY NO. 13:**      Please set forth in full and complete details the facts you claim show Davis failed to adopt or implement procedures to prevent abuse of police authority thereby allegedly causing you injuries.

**ANSWER:      See response to interrogatory number 6 and interrogatory number 7.**

**INTERROGATORY NO. 14:**      Please set forth in full and complete details how you suffered injuries for Davis's alleged negligent supervision of the Defendant Timothy McCarthy.

**ANSWER:      Officer McCarthy's assault against me from behind constituted and caused a "Severe" right shoulder injury that requires surgery. I also sustained a right eye injury after I was placed in handcuffs he grabbed my shirt collar from behind and slammed my head and face on the roof of the police car. Such behavior was extreme and outrageous to be committed by a Boston Police Officer against one of its citizens. The actions of Officer McCarthy caused me "severe" mental and emotional distress, humiliation, embarrassment and anguish. The officer's extreme and outrageous behavior denied me the right to free speech, as well as the right to public assembly.   The officer's extreme**

5

**and outrageous behavior was intended to harass, intimidate, provoke, and escalate. Officer McCarthy posed an immediate threat to my health, welfare, safety, and liberty.**

**INTERROGATORY NO.   15:**     Have you ever been involved as a party in any other lawsuits?  If yes please state: the name and address of each party to the lawsuit, both plaintiff (s) and defendant (s); a brief description of the nature of the lawsuit and the allegations involved; the name of the court or agency in which the lawsuit was filed, the date of such filing and the docket number of the matter, as well as the name of any other court or agency which the matter was removed or transferred;  the name and address of the attorneys involved in the lawsuit; and a brief description of the resolution of each lawsuit.

ANSWER:     **Yes. Plaintiff, Jonathan D. Green, Defendant, Marshall's of MA, Inc., TJX Companies, 770 Cochituate Road, Framingham, MA , General Negligence Case; I was injured by a security sensor tack in a shoe I was trying on. Date of Loss: October 11, 2004 Filed at Suffolk Superior Court on October 10, 2007 Docket NO. 07-4425D Resolved by Arbitration Award on December 29, 2008. Award 13,800.00 Stipulation of Dismissal with Prejudice filed on 1/14/09.**

**INTERROGATORY NO.   16:**     If any written or oral statement of Davis or any other Boston Police Department employee has been obtained by you regarding the occurrences in the Complaint, please state:

   a.  The name and address of the person from whom each such statement was obtained;
   b.  The date of such statement; and
   c.  The substance of any such statement.

ANSWER: **No.**

**INTERROGATORY NO.   17:**     If any written or oral statement was given by you regarding the occurrences in the Complaint, please state:

   a.  The name and address to whom you made such a statement;
   b.  The date you made such a statement; and
   c.  The substance of any such statement.

ANSWER:     **On May 24, 2007 I made a statement to my then current attorney. My statement is as follows:**

**On May 7, 2007 between 4:30 and 5:00 p.m., I, Jonathan Green, entered the 7/11 Convenience Store at the corner of St. Botolph and West Newton Streets to purchase some items. I observed a clerk or manager following some young teenage boys around the store. When the boys approached the counter to pay for their items, I began to address them.**

6

I asked the boys: Why would they spend their money in a store where they were watched and followed around? My conversation with the boys was suddenly interrupted by a white male who was standing on my left side. He asked why was I concerned about what was taking place. I turned around and replied that the conversation had nothing to do with him and that I was talking to the boys This unidentified person interrupted my conversation a second time. I told him again that he was interrupting my conversation with the boys and that I was not preventing him from stepping to the counter to take care of his business. At this point, he opened his civilian shirt, exposing his uniform and badge and identified himself as a police officer. He then went to the counter and paid for his items.

Thereafter, he turned to me and asked if I was purchasing any items. I replied that I was not going to buy anything from any store where personnel followed kids around like they were going to steal something. The officer then asked me to leave the store. I told him that I had no problem leaving and exited the store.

When I got outside, I stepped off the sidewalk into the street and began to make a cell phone call. While I was on the phone, I noticed the officer coming out of the 7/11 and asked him for his name and the department out of which he worked. He said his name was Tim McCarthy and that he worked out of D-4.

I stepped back on the sidewalk to organize all the stuff I was carrying – keys, phone bottle, and a over the shoulder gym bag. As I did this, I was bent over a bit. The officer took a few steps toward me and told me to start walking and to leave the area.

When he began walking toward me, I was unsure of his intentions, I straightened my posture to watch him. My bottle slipped out of my hand and broke on the ground. I told the officer that I lived in the neighborhood on Botolph Street and pointed in that direction. As I was about to walk across West Newton Street to go home, the officer grabbed my white sports jersey from behind my back. I turned and asked: "Why did you grab and assault me?" I tried to walk away, but he again grabbed my lower right arm which was by my side. I repeated my question: "Why are you grabbing and continuing to assault me?" The officer replied that he did not give me permission to leave. He said "You are being detained, now give me some identification."

I told the officer that I was not going to give him identification. He then said "I'm placing you under arrest". He never let go of my arm or wrist. He was trying to twist my arm behind my back, but I kept turning in a circle to prevent him from subduing and hurting me. I kept asking him: "Why are you doing this?"

7

**As I was circling, I saw a patrol car coming down St. Botolph Street. The police car stopped in the middle of the intersection of St. Botolph and West Newton Street. Officer McCarthy was still holding my arm, trying to twist my arm behind my back. All the while, I kept saying: "You have no right to grab and assault me."**

**The struggle went on for a while before three officers moved me to the patrol car. My chest was up against the back door of the car, my face was over the roof. The officers were still struggling to get my arms and hands behind my back to place me under arrest.**

**Once I was finally cuffed. Officer McCarthy grabbed the collar of my jersey from behind and slammed my head and face on the car. Then I said to Officer McCarthy: "You see I'm in handcuffs and yet you grab me by my jersey from behind and slam my head and face on the car, assaulting me yet again. "I asked the female officer if that was necessary and she said "no".**

**At no time did I square off with Officer McCarthy or go toe-to-toe with him. I did not use my hand to push or shove anyone at any time. I did not put a hand on Officer McCarthy or the other two officers.**

**While in the 7/11 store, I spoke to two teenage boys and Officer McCarthy. I did not address or confront any employee of the 7/11 store.**

**INTERROGATORY NO.  18:**     Please list and identify all persons whom you intend to call as an expert witness at trial, stating as to each such expert witness:

    a.  The substance of the facts and opinions to which each expert is expected to testify; and
    b.  A summary of the grounds for each opinion of each such expert.

**ANSWER:**     See General Objection I.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**I have not, as of yet, made any determinations as to any experts that I may call in the trial of this case.**

Objections by:

Signed under the pain
and penalties of perjury
on this 30 day of November 2010.

_____
Gordon W. Spencer
945 Concord Street
Framingham, MA 01701
(508) 231-4822
BBO# 630488

_____
JONATHAN GREEN

Dated: ~~November~~ December 7th, 2010

## CERTIFICATE OF SERVICE

I, Gordon W. Spencer, attorney for the above named plaintiff, hereby certify that on the date below the foregoing document was served upon counsel of record via first-class mail, postage pre-paid.

Signed under the pains and penalties of perjury this 7th day of ~~November~~ December, 2010.

_____
Gordon W. Spencer

9

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   09-11705-NG

|  |  |
|---|---|
| JONATHAN GREEN | ) |
|  | ) |
|  | ) |
| v. | ) |
|  | ) |
| CITY OF BOSTON; EDWARD DAVIS, | ) |
| in his capacity as Chief of the Boston Police Department; | ) |
| Timothy MCCARTHY, individually and in his official | ) |
| Capacity as Employee, Agent, and/or Officer of the Boston | ) |
| Police Department | ) |
|  | ) |

## PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY THE DEFENDANT, TIMOTHY McCARTHY

Pursuant to Mass.R.Civ.P. 33, the Plaintiff, Jonathan Green, responds as follows to the interrogatories propounded by the Defendant, Timothy McCarthy as follows:

## GENERAL OBJECTIONS

I.      Plaintiff objects to any interrogatory insofar as it seeks materials or information covered by one or more of the following:

(a)  attorney-client privilege;

(b)  attorney's work product and mental impressions of the attorney;

(c)  materials prepared in anticipation of or for litigation; and

(d)  materials prepared for, at the request of, or by an expert.

II.     Plaintiff objects to any interrogatory which is burdensome, oppressive, seeks information which is already known by the party, or which is not calculated to lead to the discovery of admissible evidence.

III.    Plaintiff objects to any interrogatory which seeks the home address, telephone number of any employee, representative, or agent of Plaintiff, and Plaintiff will

1

not reveal such information for fear of violating the privacy of such persons who are not parties to this litigation.

The General Objections shall apply to all requests, whether or not any reference is made to such objects in Plaintiff's response.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Please State your full name (first, middle and last), home and business addresses, home, business and cell phone numbers, social security number, date of birth, whether married or single, and if married the name of your spouse and all contact information, and the full names of all individuals residing with you at the time of the alleged incident and presently.

**ANSWER:**     **Jonathan D. Green, 70 Saint Botolph Street # 809, Boston, MA 02116. (617) 236-1449, 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, 3/16/65, Single, Reside Alone, Town of Brookline, MA 02445, (617) 713-5434, Debra Cohen.**

**INTERROGATORY NO. 2:**     State the full names (first, middle and last), home and business addresses, home, business and cell phone numbers and other contact information of each and every witness to the incident and the scope of their knowledge as to the incident and/or your claims.

**ANSWER:**     **Hyacinth Juste, 5985 Halleck Blvd, Fort Belvoir, VA 22060, (703) 781-3457. She witnessed the incident that occurred on the corner of the intersection of St. Botolph Street and W. Newton Street near the 7/11 convenience store.**

**INTERROGATORY NO. 3:**     State the full names (first, middle and last), home and business addresses, home, business and cell phone numbers and other contact information of each and every witness you intend to call at trial and their expected testimony.

**ANSWER:**     **Hyacinth Juste, 5985 Halleck Blvd, Fort Belvoir, VA 22060, (703) 781-3457. Expected testimony, please refer to statement:**

**"My name is Hyacinth Juste, and I witnessed the incident that occurred on the corner at the intersection of St. Botolph and W. Newton Street near the 7/11 convenience store. At or about 4:30 or 5:00 p.m. on May 7, 2007. I was walking up St. Botolph Street and reached the intersection of W. Newton Street and immediately noticed a white male and Jonathan almost out in the middle of the street. The white male was holding onto his arm and grabbing on him. I could hear Jonathan saying "why did you grab and assault me?" It looked like he was trying to walk away from the white male who was trying**

2

to twist his arm behind him. I then noticed a police car to the right of me parked on W. Newton Street.

Two police officers got out of the car and walked into the street, and started helping the white male who still had Jonathan's arm. They were trying to get his arms behind his back. Jonathan was still saying "why did you grab and assault me?" Somehow, they got him over to the police car and the officers along with the white male were still trying to get Jonathan's arms behind his back.

The front of his body was at the back door of the police car. The officers and the white male finally got his arms behind his back and put the handcuffs on him. When the handcuffs were on him, the white male, who was in the street, holding onto Jonathan's arms, and grabbing at him, grabbed his shirt collar from behind and slammed his head and face on the roof of the car. Jonathan stated to the individuals around him "I'm in handcuffs, and you grab me from behind and slam my head and face on the car assaulting me again." They put him in the back of the police car and drove away."

**INTERROGATORY NO.  4:**     Please set forth in full and complete details all events that occurred on May 7, 2007, at or around 4:30 p.m. leading up to your arrest.

ANSWER:     On May 7, 2007 between 4:30 and 5:00 p.m., I, Jonathan Green, entered the 7/11 Convenience Store at the corner of St. Botolph and West Newton Streets to purchase some items. I observed a clerk or manager following some young teenage boys around the store. When the boys approached the counter to pay for their items, I began to address them.

I asked the boys: Why would they spend their money in a store where they were watched and followed around? My conversation with the boys was suddenly interrupted by a white male who was standing on my left side. He asked why was I concerned about what was taking place. I turned around and replied that the conversation had nothing to do with him and that I was talking to the boys This unidentified person interrupted my conversation a second time. I told him again that he was interrupting my conversation with the boys and that I was not preventing him from stepping to the counter to take care of his business. At this point, he opened his civilian shirt, exposing his uniform and badge and identified himself as a police officer. He then went to the counter and paid for his items.

Thereafter, he turned to me and asked if I was purchasing any items. I replied that I was not going to buy anything from any store where personnel followed kids around like they were going to steal something. The officer then asked me to leave the store. I told him that I had no problem leaving and exited the store.

3

When I got outside, I stepped off the sidewalk into the street and began to make a cell phone call. While I was on the phone, I noticed the officer coming out of the 7/11 and asked him for his name and the department out of which he worked. He said his name was Tim McCarthy and that he worked out of D-4.

I stepped back on the sidewalk to organize all the stuff I was carrying – keys, phone bottle, and a over the shoulder gym bag. As I did this, I was bent over a bit. The officer took a few steps toward me and told me to start walking and to leave the area.

When he began walking toward me, I was unsure of his intentions, I straightened my posture to watch him. My bottle slipped out of my hand and broke on the ground. I told the officer that I lived in the neighborhood on Botolph Street and pointed in that direction. As I was about to walk across West Newton Street to go home, the officer grabbed my white sports jersey from behind my back. I turned and asked: "Why did you grab and assault me?" I tried to walk away, but he again grabbed my lower right arm which was by my side. I repeated my question: "Why are you grabbing and continuing to assault me?" The officer replied that he did not give me permission to leave. He said "You are being detained, now give me some identification."

I told the officer that I was not going to give him identification. He then said "I'm placing you under arrest". He never let go of my arm or wrist. He was trying to twist my arm behind my back, but I kept turning in a circle to prevent him from subduing and hurting me. I kept asking him: "Why are you doing this?"

As I was circling, I saw a patrol car coming down St. Botolph Street. The police car stopped in the middle of the intersection of St. Botolph and West Newton Street. Officer McCarthy was still holding my arm, trying to twist my arm behind my back. All the while, I kept saying: "You have no right to grab and assault me."

The struggle went on for a while before three officers moved me to the patrol car. My chest was up against the back door of the car, my face was over the roof. The officers were still struggling to get my arms and hands behind my back to place me under arrest.

Once I was finally cuffed. Officer McCarthy grabbed the collar of my jersey from behind and slammed my head and face on the car. Then I said to Officer McCarthy: "You see I'm in handcuffs and yet you grab me by my jersey from behind and slam my head and face on the car, assaulting me yet again. "I asked the female officer is that was necessary and she said "no".

4

**At no time did I square off with Officer McCarthy or go toe-to-toe with him. I did not use my hand to push or shove anyone at any time. I did not put a hand on Officer McCarthy or the other two officers.**

**While in the 7/11 store, I spoke to two teenage boys and Officer McCarthy. I did not address or confront any employee of the 7/11 store.**

**INTERROGATORY NO.   5:**     Please set forth in full and complete details all verbal communications you had with McCarthy and/or any other Boston Police officer on May 7, 2007.

**ANSWER:     Please see answer to interrogatory number 4.**

**INTERROGATORY NO.   6:**     Please set forth in full and complete details all communications you had with the employees of the 7-11 located at 252 West Newton Street, Boston, on May 7, 2007.

**ANSWER:     I did not speak with or have any communication with the 7-11 employees.**

**INTERROGATORY NO.   7:**     Please set forth in full and complete details all of your actions towards McCarthy and the other Boston Police Officers you encountered on May 7, 2007, including in you answer all actions of resistance taken by you whether verbal or physical.

**ANSWER:     I am not sure how to answer this question, because it seems to make an unwarranted implication that I was verbally or physically resisting the officer.  Resisting what?  He asked me to leave the store, and I left.  I requested his name and department he worked out of.  Would you consider that to be "verbal resistance"?  I will refer you to the interrogatory answer given in #4, and will leave up to the reader to make their own conclusions about how to perceive my statements and actions.**

**INTERROGATORY NO.   8:**     Please set forth in full and complete details all facts upon which you rely in alleging that McCarthy used excessive force to restrain and/or handcuff you on May 7, 2007.

**ANSWER:     I refer you to the answer to interrogatory number 4.**

**INTERROGATORY NO.   9:**     Please set forth in full and complete details all facts upon which you allege show the actions of McCarthy on May 7, 2007, were extreme and outrageous to such an extent that they caused you severe emotional and physical distress.

ANSWER:  **Officer McCarthy's assault against me from behind constituted and caused a "Severe" right shoulder injury that requires surgery. I also sustained a right eye injury after I was placed in handcuffs he grabbed my shirt collar from behind and slammed my head and face on the roof of the police car. Such behavior was extreme and outrageous to be committed by a Boston Police Officer against one of its citizens. The actions of Officer McCarthy caused me "severe" mental and emotional distress, humiliation, embarrassment and anguish. The officer's extreme and outrageous behavior denied me the right to free speech, as well as the right to public assembly.  The officer's extreme and outrageous behavior was intended to harass, intimidate, provoke, and escalate. Officer McCarthy posed an immediate threat to my health, welfare, safety, and liberty.**

**INTERROGATORY NO.  10:**     Please set forth in full and complete details the injuries allegedly caused by McCarthy's extreme and outrageous conduct.  Specifically detailing everything that happened to you that you claim constitutes "severe emotional and physical distress" as alleged in your Complaint.

ANSWER:    **See answer to interrogatory number 9.**

**INTERROGATORY NO.  11:**     Please set forth in full and complete details all facts upon which you rely and which you claim show McCarthy assaulted and battered you on May 7, 2007.

ANSWER:    **See answer to interrogatory number 4.**

**INTERROGATORY NO.  12:**     Please set forth in full and complete detail all facts upon which you rely and which you claim show McCarthy threatened, intimidated, and coerced you.

ANSWER:    **See answer to interrogatory number 4.**

**INTERROGATORY NO.  13:**     Please set forth in full and complete detail the facts you claim show the City negligently hired, trained, supervised, and assigned Defendant Timothy McCarthy thereby allegedly breaching its duty pursuant to G. L. c. 258, § 4.

ANSWER:    **See answer to interrogatory number 4.**

**INTERROGATORY NO.  14:**     Please set forth in full and complete details how you suffered injuries in violation of G. L. c. 12, § 11I as alleged in your Complaint.

ANSWER:    **See answer to interrogatory number 4.**

6

**INTERROGATORY NO.   15:**     Please set forth in full and complete details which facts you claim show McCarthy acted with malice or with reckless disregard to your rights.

**ANSWER:     See answer to interrogatory number 4.**

**INTERROGATORY NO.   16:**     Please identify with specificity, all facts upon which you rely in all facts upon which you rely in alleging that McCarthy interfered with your right to be secured in person.

**ANSWER:     See answer to interrogatory number 4.**

**INTERROGATORY NO.   17:**     Please identify with specificity all threats, means of intimidation, and means of coercion which you allege McCarthy engaged in toward you.

**ANSWER:   See answer to interrogatory number 4.**

**INTERROGATORY NO.   18:**     Please identify the constitutional right, United States and/or Massachusetts, which you allege McCarthy interfered with, including in your answer a description of how McCarthy interfered with said right.

**ANSWER:   See General Objection I.**

**INTERROGATORY NO.   19:**     Please list and identify all persons whom you intend to call as an expert witness at trial, stating as to each such expert witness:

    a.  The substance of the facts and opinions to which each expert is expected to testify; and
    b.  A summary of the grounds for each opinion of each such expert.

**ANSWER:   See General Objection I.**

      Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

      **I have not, as of yet, made any determinations as to any experts that I may call in the trial of this case.**

7

Objections by:

Signed under the pain
and penalties of perjury
on this _30_ day of November 2010.

Gordon W. Spencer
945 Concord Street
Framingham, MA 01701
(508) 231-4822
BBO# 630488

JONATHAN GREEN

Dated: November _7_, 2010

## CERTIFICATE OF SERVICE

I, Gordon W. Spencer, attorney for the above named plaintiff, hereby certify that on the date below the foregoing document was served upon counsel of record via first-class mail, postage pre-paid.

Signed under the pains and penalties of perjury this _7th_ day of November, 2010.

Gordon W. Spencer

8

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.   09-11705-NG

_____
                                                                )
JONATHAN GREEN                                    )
                                                                )
v.                                                              )
                                                                )
CITY OF BOSTON; EDWARD DAVIS,              )
in his capacity as Chief of the Boston Police Department;   )
Timothy MCCARTHY, individually and in his official   )
Capacity as Employee, Agent, and/or Officer of the Boston )
Police Department                                        )
_____    )

**PLAINTIFF'S ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY THE DEFENDANT, CITY OF BOSTON**

Pursuant to Mass.R.Civ.P. 33, the Plaintiff, Jonathan Green, responds as follows to the interrogatories propounded by the Defendant, City of Boston as follows:

**GENERAL OBJECTIONS**

I.      Plaintiff objects to any interrogatory insofar as it seeks materials or information covered by one or more of the following:

      (a) attorney-client privilege;

      (b) attorney's work product and mental impressions of the attorney;

      (c) materials prepared in anticipation of or for litigation; and

      (d) materials prepared for, at the request of, or by an expert.

II.     Plaintiff objects to any interrogatory which is burdensome, oppressive, seeks information which is already known by the party, or which is not calculated to lead to the discovery of admissible evidence.

1

III.     Plaintiff objects to any interrogatory which seeks the home address, telephone number of

any employee, representative, or agent of Plaintiff, and Plaintiff will

not reveal such information for fear of violating the privacy of such persons who are not

parties to this litigation.

The General Objections shall apply to all requests, whether or not any reference is made
to such objects in Plaintiff's response.

## INTERROGATORIES

**INTERROGATORY NO.   1:**     Please State your full name (first, middle and last), home
and business addresses, home business and cell phone numbers, social security number, date of
birth, whether married or single, and if married the name of your spouse and all contact
information, and the full names of all individuals residing with you at the time of the alleged
incident and presently.

**ANSWER:**     **Jonathan D. Green, 70 Saint Botolph Street # 809, Boston, MA 02116. (617)
236-1449, 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, 3/16/65, Single, Reside Alone, Town of Brookline, MA
02445, (617) 713-5434, Debra Cohen.**

**INTERROGATORY NO.   2:**     State the full names (first, middle and last), home and
business addresses, home, business and cell phone numbers and other contact information of
each and every witness to the incident and the scope of their knowledge as to the incident and/or
your claims.

**ANSWER:**     **Hyacinth Juste, 5985 Halleck Blvd, Fort Belvoir, VA 22060, (703) 781-3457.
She witnessed the incident that occurred on the corner of the intersection of
St. Botolph Street and W. Newton Street near the 7/11 convenience store.**

**INTERROGATORY NO.   3:**     State the full names (first, middle and last), home and
business addresses, home, business and cell phone numbers and other contact information of
each and every witness you intend to call at trial and their expected testimony.

**ANSWER:**     **Hyacinth Juste, 5985 Halleck Blvd, Fort Belvoir, VA 22060, (703) 781-3457.
Expected testimony, please refer to statement:**

**"My name is Hyacinth Juste, and I witnessed the incident that occurred on
the corner at the intersection of St. Botolph and W. Newton Street near the
7/11 convenience store. At or about 4:30 or 5:00 p.m. on May 7, 2007. I was
walking up St. Botolph Street and reached the intersection of W. Newton
Street and immediately noticed a white male and Jonathan almost out in the
middle of the street. The white male was holding onto his arm and grabbing
on him. I could hear Jonathan saying "why did you grab and assault me?" It**

2

looked like he was trying to walk away from the white male who was trying to twist his arm behind him. I then noticed a police car to the right of me parked on W. Newton Street.

Two police officers got out of the car and walked into the street, and started helping the white male who still had Jonathan's arm. They were trying to get his arms behind his back. Jonathan was still saying "why did you grab and assault me?" Somehow, they got him over to the police car and the officers along with the white male were still trying to get Jonathan's arms behind his back.

The front of his body was at the back door of the police car. The officers and the white male finally got his arms behind his back and put the handcuffs on him. When the handcuffs were on him, the white male, who was in the street, holding onto Jonathan's arms, and grabbing at him, grabbed his shirt collar from behind and slammed his head and face on the roof of the car. Jonathan stated to the individuals around him "I'm in handcuffs, and you grab me from behind and slam my head and face on the car assaulting me again." They put him in the back of the police car and drove away."

**INTERROGATORY NO. 4:**     Please set forth in full and complete details how you suffered injuries in violation of 42 U.S.C. § 1983 as alleged in your Complaint.

**ANSWER:**   See General Objection

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**How I suffered injuries was listed in paragraph 11 of my complaint. Officer McCarthy used excessive force, grabbing my collar Plaintiff's then slamming my head and face on the roof of the police cruiser.**

**INTERROGATORY NO. 5:**     Please set forth in full and complete details which of the City's actions or inactions you claim caused you injuries in violation of 42 U.S.C. § 1983 as alleged in your complaint.

**ANSWER:**   See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

3

**Failure to properly supervise, train, and assign Officer McCarthy in the performance of his duties. I understand that discovery is in progess and I will seasonably supplement my response.**

**INTERROGATORY NO.  6:**    Please set forth in full and complete details how the City failed to adequately train and supervise the Defendant Timothy McCarthy and/or any other Boston Police Officer thereby allegedly causing you injuries.

**ANSWER:**    See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**Because Officer McCarthy used excessive force by grabbing my collar, then slamming my head and face on the roof of the police cruiser, that conduct alone cannot be, by any stretch of the imagination, considered to be the result of proper training, and supervision while in the performance of a Boston Police Officer's Duties. I understand that discovery is in progess and I will seasonably supplement my response**

**INTERROGATORY NO.  7:**    Please set forth in full and complete details what policy or custom the City maintained that you claim resulted in the deliberate indifference to your rights.

**ANSWER:**    See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**Because Officer McCarthy used excessive force, by grabbing my collar then slamming my head and face on the roof of the police cruiser, that conduct alone cannot be, by any stretch of the imagination, considered to be the result of proper training, and supervision while in the performance of a Boston Police Officer's Duties. If it is the City's Position, which Plaintiff submits that it is, that they have ratified the conduct of Boston Police Officer McCarthy, then the City has maintained a policy or custom which maintenance of the same has resulted in the deliberate indifference to my rights. I understand that discovery is in progess and I may or will seasonably supplement my response.**

**INTERROGATORY NO.  8:**    Please set forth in full and complete details which facts you claim to show the City took actions which evidence a negligent or deliberate indifference to your rights.

**ANSWER:**    See General Objection.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

**Because Officer McCarthy used excessive force, by grabbing my collar then slamming my head and face on the roof of the police cruiser, that conduct alone cannot be, by any stretch of the imagination, considered to be the result of proper training, and supervision while in the performance of a Boston Police Officer's Duties.   If it is the City's Position, which Plaintiff submits that it is, that they have ratified the conduct of Boston Police Officer McCarthy, *by not recognizing and/or sanctioning Boston Police Officer McCarthy,* then the City has maintained a policy or custom which maintenance of the same has resulted in the deliberate indifference to my rights. I understand that discovery is in progess and I may or will seasonably supplement my response.**

**INTERROGATORY NO.  9:**     Please set forth in full and complete details which facts you claim show the City took actions which evidence a negligent or deliberate indifference to your rights.

**ANSWER:   See response to interrogatory number 8.**

**INTERROGATORY NO.  10:**     Please set forth in full and complete details which facts you claim show the City acted with malice or with reckless disregard to your rights.

**ANSWER:  See response to interrogatory number 8.**

**INTERROGATORY NO.  11:**     Please set forth in full and complete details each of the City's acts or failures to act for which you seek compensation.

**ANSWER:  See response to interrogatory number 8.**

**INTERROGATORY NO.  12:**     Please set forth in full and complete details which of the City's actions or inactions you claim caused you injuries in violation of G. L. c. 258, § 4 as alleged in your Complaint.

**ANSWER:  See response to interrogatory number 8.**

**INTERROGATORY NO.  13:**     Please set forth in full and complete details the facts you claim show the City negligently hired, trained, supervised, and assigned Defendant Timothy McCarthy thereby allegedly breaching its duty pursuant to G. L. c. 258, § 4.

**ANSWER:   See response to interrogatory number 6 and interrogatory number 8.**

**INTERROGATORY NO.   14:**     Please set forth in full and complete details how you suffered injuries in violation of G. L. c. 258, § 4 as alleged in your Complaint.

**ANSWER:  See response to interrogatory number 4.**

**INTERROGATORY NO.   15:**     Have you ever been involved as a party in any other lawsuits? If yes please state: the name and address of each party to the lawsuit, both plaintiff (s) and defendant (s); a brief description of the nature of the lawsuit and the allegations involved; the name of the court or agency in which the lawsuit was filed, the date of such filling and the docket number or the matter, as well as the name of any other court or agency which the matter was removed or transferred; the name and address of the attorneys involved in the lawsuit; and a brief description of the resolution of each lawsuit.

**ANSWER:     Yes. Plaintiff, Jonathan D. Green, Defendant, Marshall's of MA, Inc., TJX Companies, 770 Cochituate Road, Framingham, MA , General Negligence Case; I was injured by a security sensor tack in a shoe I was trying on. Date of Loss: October 11, 2004 Filed at Suffolk Superior Court on October 10, 2007 Docket NO. 07-4425D Resolved by Arbitration Award on December 29, 2008. Award 13,800.00 Stipulation of Dismissal with Prejudice filed on 1/14/09.**

**INTERROGATORY NO.   16:**     If any written or oral statement of the City, its agents, servants or employees has been obtained by you regarding the occurrences in the Complaint, please state:

   a.  The name and address of the person from whom each such statement was obtained;
   b.  The date of such statement; and
   c.  The substance of any such statement.

**ANSWER:   I have not obtained any statements on my behalf.**

**INTERROGATORY NO.   17:**     If any written or oral statement was given by you regarding the occurrence in the Complaint, please state:

   a.  The name and address to whom you made such a statement;
   b.  The date you made such a statement; and
   c.  The substance of any such statement.

**ANSWER:     On May 24, 2007 I made a statement to my then current attorney. My statement is as follows:**

**On May 7, 2007 between 4:30 and 5:00 p.m., I, Jonathan Green, entered the 7/11 Convenience Store at the corner of St. Botolph and West Newton Streets**

6

to purchase some items. I observed a clerk or manager following some young teenage boys around the store. When the boys approached the counter to pay for their items, I began to address them.

I asked the boys: Why would they spend their money in a store where they were watched and followed around? My conversation with the boys was suddenly interrupted by a white male who was standing on my left side. He asked why was I concerned about what was taking place. I turned around and replied that the conversation had nothing to do with him and that I was talking to the boys This unidentified person interrupted my conversation a second time. I told him again that he was interrupting my conversation with the boys and that I was not preventing him from stepping to the counter to take care of his business. At this point, he opened his civilian shirt, exposing his uniform and badge and identified himself as a police officer. He then went to the counter and paid for his items.

Thereafter, he turned to me and asked if I was purchasing any items. I replied that I was not going to buy anything from any store where personnel followed kids around like they were going to steal something. The officer then asked me to leave the store. I told him that I had no problem leaving and exited the store.

When I got outside, I stepped off the sidewalk into the street and began to make a cell phone call. While I was on the phone, I noticed the officer coming out of the 7/11 and asked him for his name and the department out of which he worked. He said his name was Tim McCarthy and that he worked out of D-4.

I stepped back on the sidewalk to organize all the stuff I was carrying – keys, phone bottle, and a over the shoulder gym bag. As I did this, I was bent over a bit. The officer took a few steps toward me and told me to start walking and to leave the area.

When he began walking toward me, I was unsure of his intentions, I straightened my posture to watch him. My bottle slipped out of my hand and broke on the ground. I told the officer that I lived in the neighborhood on Botolph Street and pointed in that direction. As I was about to walk across West Newton Street to go home, the officer grabbed my white sports jersey from behind my back. I turned and asked: "Why did you grab and assault me?" I tried to walk away, but he again grabbed my lower right arm which was by my side. I repeated my question: "Why are you grabbing and continuing to assault me?" The officer replied that he did not give me permission to leave. He said "You are being detained, now give me some identification."

7

I told the officer that I was not going to give him identification. He then said "I'm placing you under arrest". He never let go of my arm or wrist. He was trying to twist my arm behind my back, but I kept turning in a circle to prevent him from subduing and hurting me. I kept asking him: "Why are you doing this?"

As I was circling, I saw a patrol car coming down St. Botolph Street. The police car stopped in the middle of the intersection of St. Botolph and West Newton Street. Officer McCarthy was still holding my arm, trying to twist my arm behind my back. All the while, I kept saying: "You have no right to grab and assault me."

The struggle went on for a while before three officers moved me to the patrol car. My chest was up against the back door of the car, my face was over the roof. The officers were still struggling to get my arms and hands behind my back to place me under arrest.

Once I was finally cuffed. Officer McCarthy grabbed the collar of my jersey from behind and slammed my head and face on the car. Then I said to Officer McCarthy: "You see I'm in handcuffs and yet you grab me by my jersey from behind and slam my head and face on the car, assaulting me yet again. "I asked the female officer if that was necessary and she said "no".

At no time did I square off with Officer McCarthy or go toe-to-toe with him. I did not use my hand to push or shove anyone at any time. I did not put a hand on Officer McCarthy or the other two officers.

While in the 7/11 store, I spoke to two teenage boys and Officer McCarthy. I did not address or confront any employee of the 7/11 store.

**INTERROGATORY NO. 18:**     Please list and identify all persons whom you will call as expert witness at trial, stating as to each such expert witness:

   a.  The substance of the facts and opinions to which each expert is expected to testify; and
   b.  A summary of the grounds for each opinion of each such expert.

**ANSWER:**   See General Objection I.

Without waiving said objection, but expressly relying upon and preserving the same, the Plaintiff states:

I have not, as of yet, made any determinations as to any experts that I may call in the trial of this case.

Objections by:

Signed under the pain
and penalties of perjury
on this 30 day of November 2010.

Gordon W. Spencer
945 Concord Street
Framingham, MA 01701
(508) 231-4822
BBO# 630488

JONATHAN GREEN

Dated: ~~November~~ December 7th , 2010

## CERTIFICATE OF SERVICE

I, Gordon W. Spencer, attorney for the above named plaintiff, hereby certify that on the date below the foregoing document was served upon counsel of record via first-class mail, postage pre-paid.

Signed under the pains and penalties of perjury this 7th day of ~~November~~ December, 2010.

Gordon W. Spencer

9