UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A.NO. 09-11705-NG

_____
                                            )
JONATHAN GREEN                              )
                                            )
       Plaintiff.                           )
                                            )
v.                                          )
                                            )
CITY OF BOSTON; EDWARD DAVIS, in his        )
capacity as CHIEF OF THE BOSTON POLICE      )
DEPT; TIMOTHY MCCARTHY, individually        )
and in his official capacity as an Employee,)
Agent, and/or Officer of the BOSTON POLICE  )
DEPARTMENT                                  )
       Defendants.                          )
_____)

## MEMORANDUM OF LAW IN OPPOSITION TO THE DEFENDANT TIMOTHY MCCARTHY'S MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

      The Plaintiff has claimed that the Defendant, Timothy McCarthy, violated his civil rights under 42 U.S.C. § 1983 and M.G.L. c. 12 § 11(1), as well as common law intentional tort violations of intentional infliction of emotional distress and assault and battery, when the Defendant intentionally slammed the Plaintiff's head against a police cruiser, after the Defendant was placed under arrest for various offenses. The issue is whether the Plaintiff has presented enough evidence to create an issue of material fact as to whether Officer McCarthy was the perpetrator of the alleged act. In a nut shell, the Plaintiff has stated, and without waiver, that he is **100% certain** that it was Officer McCarthy who slammed his head against the police cruiser, based upon a variety of facts. As such, the Plaintiff has created an issue to be decided by a jury, and thus causes the Defendant's motion to fail.

## UNDISPUTED MATERIAL FACTS

Without going into detail of the facts leading up to the incident, as they are irrelevant to the crux of the Defendant's motion (and without conceding of course, that Defendant's spin on the facts leading up to the incident are true), the Plaintiff merely states that he was arrested outside of a 7-11 convenience store by the Defendant, with the assistance of two other officers. After he was placed into handcuffs, the Plaintiff claims that it was the Defendant who took his head and slammed it against a police cruiser, causing him injury.  The factual basis in support of that claim are as follows:

- The Plaintiff was outside a 7-11 store, at the corner of St. Botolph and West Newton Streets, when Defendant, Officer McCarthy approached him, and asked him to walk away from the area  See Statement of Facts, at ¶1 (hereinafter (*SOF, at ¶ __*)).

- As the Plaintiff was about to walk across West Newton Street to go home, the Defendant grabbed the Plaintiff by his clothing, from behind his back, and stated, "you are being detained, now give me some identification". (*SOF, at ¶ 3*).

- The Plaintiff refused to give the Defendant his identification, whereupon the Defendant told the Plaintiff, "I'm placing you under arrest", then tried to twist the Plaintiff's arm behind his back. (*SOF, at ¶4*).

- During the struggle, the two more police officers came to assist, and moved the Plaintiff to the patrol car, where he was ultimately handcuffed. (*SOF, at ¶5*).

- At the moment that Plaintiff was at the patrol car, the Plaintiff was well aware of the exact positioning of the three officers – a female was immediately to his left; the Defendant directly behind him; and another male officer to his right. (*SOF at ¶6*).

- After the Plaintiff was handcuffed, his head and face was slammed into the cruiser, and he was **100% certain** that out of the three officers it was the Defendant who perpetrated this act. (*SOF at ¶7*).

- The reason why the Plaintiff was certain of the identity of the perpetrator was because of the benefit of his peripheral vision, where he could see both the female officer and male officer flanking his sides, and not see either of them commit this act. (*SOF at* ¶7).

- Immediately after the assault, the Plaintiff stated to the Defendant, "You see I'm in handcuffs, and yet you grab me by my jersey from behind and slam my head and face on the car.." – to which the Defendant gave no response. (*SOF at* ¶8).

- The Plaintiff then asked one of the other two officers who was present, "if that was necessary", to which the officer responded, "no". (*SOF at* ¶9).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when ". . . the answers to interrogatories. . .together with the affidavits, if any, show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law". Fed. R.Civ.P. 56 (c). A party seeking summary judgment must make a preliminary showing that no genuine issue of material fact exists. Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995) cert. denied, 515 U.S. 1103, 115 S.Ct. 2247, 132 L.Ed. 2d. 255 (1995). Once the movant has made such a showing, the non-movant must point to specific facts demonstrating that there is, indeed, a trial-worthy issue. Id. A fact is "material" if it has the "potential to affect the outcome of the suit under applicable law". Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000), and a "genuine" issue is one supported by such evidence that "a reasonable jury, drawing favorable inferences, could resolve it in favor of the nonmoving party." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3s 1, 2 (1st Cir. 1999) (quoting Smith v. F.W. Morse & Co., 76 F.3d 413, 428 (1st Cir. 1996)). See also Vineberg v. Bissonnette, 548, F.3d 50, 56 (1st Cir. 2008) (The Court must view in the record in the light most favorable to the non-moving party and indulge all reasonable inferences in that party's favor. See also Ferrara & DiMercurio Inc.,

v. St. Paul Mercury Ins. Co., 169 F.3d 43, 56 (1st Cir. 1999) (Court noting that reasonable inferences must be drawn in favor of the non-moving party on summary judgment and that "**[i]nferences can, of course be properly drawn from circumstantial evidence"**) (emphasis added).

## ARGUMENT

### I.

*While the Defendant Claims that the Plaintiff Speculates About Whether it was He Who Used Excessive Force in Slamming the Plaintiff's Head Against the Police Cruiser, Defendant Makes No Claim, However, That Such a Fact Cannot Be Reasonably Drawn From Circumstantial Evidence Based Upon The Summary Judgment Record*

The Plaintiff's argument requires no significant cerebral exercise. The Plaintiff has not only claimed in his deposition testimony,[1] as well as in his answers to interrogatories, as well as in his affidavit in support of his opposition, that it was Officer McCarthy who was the person who slammed his head against the cruiser, but Plaintiff also asserts that such a fact could be drawn from the very evidence upon which Defendant relies, therefore negating the conclusion that the evidence is only speculative. Plaintiff, although admitting that while he did not actually see the hands of Officer McCarthy as his head was slammed against the police cruiser,[2] he most certainly can testify to the fact based upon the circumstantial evidence in the record. The evidence in the record to support (actually or inferentially) the merits of his claim are as follows:

- The aggressive nature of the Defendant; (Exhibit 2 at ¶8).

- The Defendant was the only one of three people who was within inches of the Plaintiff at the time his head was slammed against the cruiser, and he could actually see it wasn't the other two; (*SOF at* ¶7).

---

[1] The Defendant himself must concede that the Plaintiff testified in his deposition that the Defendant grabbed the collar of his jersey and slammed his head onto the cruiser, as the Defendant submitted that very testimony in his Motion which seeks Summary Judgment, See Defendant's Exhibit D at page 74:14-17, page 83:16-20.

[2] The Defendant makes this argument in his Statement of Facts at ¶ 45.

4

- After the Defendant slammed the Plaintiff's head against the cruiser, Plaintiff asked Defendant why he did it, to which no response was given; *(SOF at ¶8)* and

- After the Defendant slammed the Plaintiff's head against the cruiser, Plaintiff asked one of the officers who did not commit the act if that "was necessary" to which the officer replied, "no". (*SOF at ¶¶ 8-9*).

The Defendant claims that a jury could reach no conclusion other than the Plaintiff was speculating as to who committed excessive force upon him. However, the Defendant makes no argument as to why a jury could not draw the reasonable inference (and which should therefore be taken in Plaintiff's favor) that it was Officer McCarthy who assaulted the Plaintiff, just by mere deduction. In essence, if the two other police officers were not present at the time the Plaintiff's head was slammed against the cruiser, would the Plaintiff's claim then fail because he could not see the only person standing behind him at the time he was assaulted? Of course not. So how does the Plaintiff's claim fail if he can rule out the other and only two people standing near him at the time of the assault? As stated before, the issue is not complicated, and the Defendant has provided nothing by way of arguments to discredit it – particularly the case of Goings v. Chicksaw, 2008 WL 686917 (N.D. Iowa 2008).

In Goings, the Court allowed the Defendant's motion for summary judgment because the Plaintiff was "unable" to identify the particular officer that used excessive force against him. Goings, at 14. The record that the Court in Goings relied upon in rendering the aforementioned holding is not on point with the record of the instant case. Here, the Plaintiff was "able" to identify the officer (namely the Defendant) based upon his perception and common sense – both facets, the Plaintiff would submit that a jury could rely upon, inferentially, to side with him. The Plaintiff feels it doesn't require any further discussion. The Defendant's motion for summary judgment on this issue must fail.

## II.

### *The Defendant's Argument That He Did Not Commit an Assault and Battery Upon the Plaintiff During the Arrest Does Not Address the Assault and Battery Which Took Place After the Arrest*

The Defendant claims that summary judgment must be granted on the Plaintiff's assault and battery claim, because the Defendant's arrest was lawful, and that the Defendant used reasonable force in effectuating the arrest. What about *after* the arrest? The Defendant's argument is presented as if this Court has already decided the Defendant's preceding argument (namely the Plaintiff's failure to provide evidence that it was Officer McCarthy who assaulted him after the arrest) in its favor, so therefore he has no need to present a substantive argument on how slamming a person's head against a police cruiser *after* an arrest would not constitute an assault and battery. The Defendant should not be so presumptuous. The Plaintiff submits that if there is sufficient evidence for a jury to decide whether it was Officer McCarthy that slammed the Plaintiff's head against a police cruiser, then there is also sufficient evidence to also determine whether that act constitutes a common law assault and battery.

## III.

### *The Defendant's Argument on the Plaintiff's Claim of Intentional Infliction of Emotional Distress Fails for the Same Reason as Articulated in the Preceding Argument*

The Defendant relies upon the same notion that since the arrest of Plaintiff was lawful, and the force to effectuate the arrest was reasonable, thus "carrying" out one's obligation as a law enforcement official cannot, as a matter of law, be deemed to be extreme and outrageous. Sietins v. Joseph, 238 F.Supp. 2d 366, 372. (D.Mass. 2003). However, and again, how about *after* the arrest? Can slamming an arrestee's head against a police cruiser, after he is placed in handcuffs, be deemed as extreme and outrageous? The City of Boston does not cite to one case that supports their proposition, and it's their burden to do so. The Plaintiff submits that the

Defendant's request to dismiss the Intentional Infliction of Emotional Distress claim fails for the same reason as the preceding argument.

### IV.

***The Plaintiff Assents to Defendant's Motion On His Eight, Fifth, and Fourteenth Amendment (Equal Protection) Claims***

The Defendant is correct in that the supporting record is devoid of any facts which would warrant a reasonable inference that the Defendant violated the Plaintiff's Eighth, Fifth, or Equal Protection Claims.  Thus, the Plaintiff concedes the Defendant's argument(s) on these issues only.

### V.

***The Defendant Merely States in Conclusory Fashion That His Conduct Was That of a Reasonable Officer and Cannot Avail Himself of the Shield of Qualified Immunity***

In his motion, the Defendant merely states the law of qualified immunity, and then followed by some generalized conclusion that "Officer McCarthy's conduct during the arrest of the Plaintiff was that of a reasonable officer presented with similar circumstances".  That is not enough.  See e.g., Howard v. Del Castillo, 2001 WL 1090797 (2001) (Court refusing to enter summary judgment for the Defendant officer who allegedly beat Plaintiff after he was handcuffed,  and where officer failed in his motion to state with particularity what conduct of the officer was protected).   In this case, the Defendant failed to state whether it was his conduct before the handcuffs were placed upon the Plaintiff which was shielded from liability, or was it the conduct after the handcuffs were placed upon the Plaintiff.

To be clear, and obviously speaking, the Plaintiff claims that it was conduct after the officer placed handcuffs on him that was not shielded from liability.  Assuming there is enough evidence in the record to support the factual claim (that Plaintiff was assaulted after his arrest –

7

and there is), this would require Officer McCarthy to provide evidence, and for the purposes of qualified immunity analysis, that the law was not clearly established that an officer could not slam an arrestee's head against a police cruiser.  This he did not and cannot do.  This is because, and for the purposes of qualified immunity analysis, the law was "clearly established" that it was unconstitutional for a police officer to increase his use of force after a person is subdued, and would not have required prior case law on point to be on notice that his conduct was unlawful. Jennings v. Jones, 499 F.3d 2 (1st Cir. 2007).  As the Defendant does not even come close to a proper engagement of this analysis, and where he would have been in error to use the type of force alleged by the Plaintiff after he was handcuffed, the Defendant's seeking of refuge under qualified immunity must fail.

## CONCLUSION

For the aforementioned reasons, the Plaintiff respectfully requests this Court to DENY the Defendant's Motion in part.

>Respectfully Submitted,
>JONATHAN GREEN
>By his Attorney,
>
>/s/ Gordon W. Spencer
>
>Gordon W. Spencer, Esq.
>945 Concord Street
>Framingham, MA 01701
>BBO# 630488
>(508) 231-4822

Dated: June 11, 2012

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon all counsel of record, via electronic transmission, this 11th day of June, 2012.

/s/ Gordon W. Spencer