```
                     United States District Court
                       District of Massachusetts
```

```
_____
                               )
JONATHON GREEN,                )
        Plaintiff,             )
                               )
             v.                )   Civil Case No.
                               )   09-11705-NMG
TIMOTHY MCCARTHY,              )
CITY OF BOSTON,                )
EDWARD F. DAVIS,               )
        Defendants.            )
_____
```

## MEMORANDUM & ORDER

**GORTON, J.**

Currently before the Court is the motion for Summary Judgment of defendant Timothy McCarthy ("McCarthy") and plaintiff's opposition thereto.

### I. Factual Background

On May 7, 2007, plaintiff Jonathon Green ("Green") was at a 7-11 store on West Newton Street in Boston, Massachusetts. McCarthy, a Boston Police Officer, was also at the store apparently in an off-duty capacity. Green alleges that he became concerned that employees of the store were inappropriately surveilling three teenage customers. Believing that Green himself was the problem, McCarthy approached him, identified himself as a police officer by revealing his uniform under the Red Sox jersey he was wearing, and asked him to leave the store.

-1-

After Green and McCarthy both left the store Green asked McCarthy for his name and badge number which McCarthy provided. Green then stopped to arrange some personal belongings and McCarthy asked him to leave the area. When Green turned to cross the street McCarthy grabbed Green's shirt near his lower back. Green continued to walk away and McCarthy grabbed his right arm near his wrist. McCarthy then informed Green he did not have permission to leave and asked him to provide identification. Green refused and McCarthy then informed him that he was under arrest.

McCarthy's attempt to handcuff Green was unsuccessful but during the ensuing struggle a police cruiser arrived on scene and two officers, one male and one female, got out of the vehicle and assisted McCarthy. They placed Green against the cruiser with his chest against the side back door. The female officer was behind Green to his right, the male officer behind him to his left. McCarthy stood directly behind Green.

The parties dispute what occurred next. Green alleges that McCarthy grabbed the collar of his jersey and slammed his head onto the top of the cruiser. Green asserts that, as a result, he suffered serious physical injuries, including an eye injury and a shoulder injury that required surgery as well as emotional distress. Green was subsequently charged with resisting arrest, disorderly conduct and assault and battery of a police officer.

Although the record does not so indicate, the Court assumes those charges were later dropped.

## II. Procedural History

Plaintiff filed his Complaint in October, 2010.  Initial proceedings were before former United States District Judge Nancy Gertner.  The case was transferred to this Session in June, 2011.  In May, 2012, the defendants moved for Summary Judgment (Docket Nos. 32 and 35).  Plaintiff's counsel filed an opposition to Officer McCarthy's motion but not to the motion of the City and Police Commissioner.  Shortly thereafter plaintiff's counsel moved to withdraw from the case and that motion was allowed.  After affording plaintiff numerous opportunities to retain replacement counsel and plaintiff not having availed himself of those opportunities, the Court granted Summary Judgment for defendants Davis and the City of Boston in January, 2012.  Currently before the Court is the contested motion of defendant McCarthy for Summary Judgment.

## III. <u>Analysis</u>

### A.   Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." <u>Mesnick</u> v. <u>Gen. Elec. Co.</u>, 950 F.2d 816, 822 (1st Cir. 1991) (quoting <u>Garside</u> v. <u>Osco Drug, Inc.</u>, 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show,

through the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted." Id.  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.

**B.   Application**

**1. Excessive Force  (Count I)**

-4-

A claim that a police officer used excessive force in the context of a stop or arrest is analyzed under the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386, 394-395 (1989).  While the reasonableness standard "is not capable of precise definition or mechanical application," its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the plaintiff's alleged criminal conduct, whether the suspect posed an immediate threat to the safety of the officers or others and whether he actively resisted arrest or attempted to evade arrest by flight. Id. at 396.

Defendant asserts that plaintiff has failed to present sufficient evidence to create a genuine issue of material fact as to whether McCarthy was the person who pushed Green's head into the cruiser.  Defendant claims that there is no way that Green can be certain who perpetrated the act given he was facing the cruiser and could not see the hands of any of the three officers or what was occurring behind him.  Green has, however, stated that McCarthy was the individual who pushed him, because using his peripheral vision, he could see both the male and female officers and did not see either of them push his head.  Thus, Green deduces that McCarthy was the officer who caused his injury.  Given that the Court must treat all disputes of fact in the light most favorable to the plaintiff, the Court finds that

there is sufficient circumstantial evidence for a jury to find that McCarthy was the perpetrator.

### 2. Intentional Infliction of Emotional Distress (Count II) and Assault and Battery (Count III)

Having found that there exists a genuine issue of material fact as to whether McCarthy forced Green's head into the cruiser and thus whether excessive force was used, the Court concludes that there also remains a triable issue as to whether that act constituted an intentional infliction of emotional distress or an assault and battery.

### 3. M.G.L. c 12 §111 (Count IV)

To establish his claim under the Massachusetts Civil Rights Act ("MCRA"), plaintiffs must show 1) McCarty threatened, intimidated or coerced him 2) to prevent him from exercising a constitutional right. Spencer v. Roche, 755 F. Supp. 2d 250, 267 (D. Mass. 2010). The direct violation of a constitutional right does not establish a MCRA violation because "it is not an attempt to force someone to do something the person is not lawfully required to do." Columbus v. Biggio, 76 F. Supp. 2d 43, 54 (D. Mass. 1999) (quoting Swanset Dev. Corp. v. City of Taunton, 668 N.E.2d 333, 338 (Mass. 1996)); see also Gallagher v. Commonwealth, No. 00-11859-RWZ, 2002 WL 924243, at *3 (D. Mass. March 11, 2002) ("The use of force is not, in itself, coercive

within the meaning of the act unless such force is inflicted in order to achieve some further purpose.")

Plaintiff concedes in his opposition to the motion for summary judgment that the record lacks any evidence that McCarthy violated his Fifth Amendment, Eighth Amendment or 14th Amendment Equal Protection rights.  Thus, summary judgment will be entered on these claims.  In moving for summary judgment, defendant did not specifically challenge plaintiff's MCRA claims based on the Fourth Amendment or the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.  Consequently, the Court will deny summary judgment on those claims without prejudice.

### ORDER

In accordance with the foregoing, the motion for summary judgment motion of defendant McCarthy (Docket No. 32) is, with respect to the claims under the Fifth, Eighth and Fourteenth Amendments in Count IV, **ALLOWED**, but is otherwise **DENIED**.

**So ordered.**

/s/ Nathanie M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 30, 2012