UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN GREEN<br>      Plaintiff,<br><br>v.<br><br>TIMOTHY McCARTHY, the CITY OF BOSTON, the COMMISSIONER OF THE BOSTON POLICE DEPARTMENT EDWARD DAVIS,<br>      Defendants. | 1:09-11705-NMG |

**DEFENDANT TIMOTHY MCCARTHY'S MEMORANDUM IN SUPPORT OF HIS REQUEST FOR A SEPARATE INSTRUCTION AND VERDICT QUESTION AS TO THE PLAINTIFF'S ASSAULT AND BATTERY CLAIMS**

The Defendant, Timothy McCarthy hereby submits this memorandum in support of his request that should the jury be instructed on the elements of Plaintiff's assault and battery claims as separate and distinct counts from the Section 1983 excessive force claim, that the jury be provided with separate questions as to assault and battery on the verdict form. In the alternative, should this Court decline to instruct the jury as to the elements of assault and battery as separate and distinct counts from the Plaintiff's Section 1983 excessive force claim, that no questions as to Plaintiff's assault and battery claims appear on the verdict slip. As grounds, the Defendant states:

1. A section 1983 excessive force claim and a battery claim overlap in the context of an arrest. An essential element of a section 1983 excessive force claim is the use of unreasonable force under the Fourth Amendment. *See Parker v. Gerrish*, 547 F.3d 1, 8-9 (1st Cir. 2008). In determining the reasonableness of the force used, the Fourth

Amendment inquiry in the context of an arrest includes an analysis of the severity of the crime, whether the suspect poses an immediate safety threat and whether he is actively resisting arrest. Id. (quoting *Jennings v. Jones*, 499 F.3d 2, 11 (1st Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 396-97 (1989)).

2. "To establish a Fourth Amendment violation based on excessive force, a plaintiff must show that the defendant officer employed force that was unreasonable under the circumstances . . . There must be 'careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Parker v. Gerrish*, 547 F.3d at 8-9 (quoting *Jennings v. Jones*, 499 F.3d at 11 (quoting *Graham*, 490 U.S. at 396-97). "'[T]he right to make an arrest or an investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *Jennings v. Jones*, 499 F.3d at 11 (quoting *Graham*, 490 U.S. at 396). The "determination of the reasonableness of the force used under § 1983 controls [the] determination of the reasonableness of the force used under the common law assault and battery claims." *Raiche v. Pietroski,* 623 F.3d at 40.

3. Battery and section 1983 excessive force claims, however, are not mirror images. The elements of civil battery in Massachusetts additionally require: (1) the defendant to act intending to cause a harmful or offensive contact; and (2) for a harmful or offensive contact to directly or indirectly result. *Waters v. Blackshear*, 591 N.E.2d 184, 185 (Mass. 1992). Although a finding of unreasonable force under the Fourth Amendment controls the determination of the reasonableness of force used under a battery claim, *see Raiche v.*

*Pietroski*, 623 F.3d at 40; *Dean v. City of Worcester*, 924 F.2d at 369, a battery claim requires additional elements.

4. In particular, the necessary intent with respect to a section 1983 excessive force claim and a battery claim differ. Civil battery is an intentional tort with the intent being "'to cause a harmful or offensive contact . . . or an imminent apprehension of such a contact.'" *Waters v. Blackshear*, 591 N.E.2d at 185. "A result is intended if the act is done for the purpose of accomplishing the result or with knowledge that to a substantial certainty such a result will ensue." *Id*. Assault requires that the defendant "act[ed] intending to cause a harmful or offensive contact" with plaintiff, "or an imminent apprehension of such a contact," and that plaintiff was "thereby put in such imminent apprehension." *Conley v. Romeri,* 806 N.E.2d 933, 939 n. 6 (Mass.App.Ct. 2004).

5. On the other hand, the reasonableness of the force used in a section 1983 excessive force claim is determined and analyzed under an objective standard. *See Parker v. Gerrish,* 547 F.3d at 8–9 (reasonableness of force used to effect seizure "'is objective, to be determined "in light of the facts and circumstances confronting [the officers], without regard to their underlying intent or motivation" ' "); *Graham,* 490 U.S. at 397 ("officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional"); *Gutierrez v. Massachusetts Bay Transportation Authority,* 722 N.E.2d 552, 559 (Mass. 2002) (it is immaterial in section 1983 excessive force claim "whether the police officer had a subjective intent to harm the plaintiff") (citing *Graham v. Connor,* 490 U.S. at 397).

6. In sum, the section 1983 excessive force claim and the assault and battery claims correlate in the determination of the reasonableness of the force used by police to effect an arrest. The battery claim differs from the section 1983 excessive force claim because it requires (1) the defendant to act intending to cause a harmful or offensive contact; and (2) for a harmful or offensive contact to result.

Wherefore, the Defendant respectfully requests that should the Court instruct the jury as to the elements of assault and battery as separate and distinct counts from the excessive force claim, that separate questions for assault and battery (one question for assault and one question for battery) appear on the verdict slip.[1] Should the Court decline to instruct the jury on the separate and distinct elements of assault and battery apart from the excessive force claim, the Defendant requests that assault and battery do not appear as questions on the verdict slip.

|  |  |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|  | DEFENDANT, TIMOTHY MCCARTHY |
| **I hereby certify that on this day a true copy of the above document was served upon plaintiff's counsel by hand.** | William F. Sinnott, Corporation Counsel |
|  | By his attorneys: |
|  | /s/ Lisa Skehill Maki |
|  | Lisa Skehill Maki, BBO #675344 |
| **2/20/2013   /s/ Lisa Skehill Maki** | Senior Assistant Corporation Counsel |
| **Date         Lisa Skehill Maki** | Michelle K. Hinkley, BBO # 675609 |
|  | Assistant Corporation Counsel |
|  | City of Boston Law Department |
|  | 1 City Hall Plaza, Room 615 |
|  | Boston, MA 02201 |
|  | (617) 635-3238 (Hinkley) |
|  | (617) 635-4022 (Maki) |

---

[1] In furtherance of this request, the Defendant hereby incorporates his proposed jury instructions (requests no. 27 – 34) as to the elements of assault and battery and defenses thereto.